John E. Russell, Appellant *v.* Penn Township Planning Commission and Penn Township Supervisors, Appellees.

Argued October 27, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

Leo M. Stepanian, with him Brydon & Stepanian, for appellant.

Norman D. Jaffe, with him Lee A. Montgomery, and Galbreath, Braham, Gregg, Kirkpatrick, Jaffe & Montgomery, for appellee.

OPINION BY JUDGE WILKINSON, December 5, 1975:

In May of 1969, appellant purchased 122 acres of land in Penn Township, Butler County, (Township) for the purposes of constructing a mobile home park. The Township Zoning Ordinance (Ordinance) permits mobile home parks as a conditional use, upon satisfaction of specific conditions, on any land in the Township. At the time appellant purchased the land, the Ordinance required 3,500 square feet of land and one (1) parking space for mobile home lots. After the purchase, but prior to appellant's conditional use application, the Ordinance was amended to require 15,000 square feet of land and two (2) automobile parking spaces per mobile home lot.

The procedural history of this case is long and involved. See Russell v. Penn Township Planning Commission, 8 Pa. Commonwealth Ct. 429, 302 A.2d 870 (1973). In the instant case, this controversy takes the form of an appeal from an order of the Butler County Court of Com-

mon Pleas denying and dismissing an appeal from the Township's planning commission rejecting appellant's application for a conditional use.

Appellant urges three reasons to reverse. First, he argues that the Ordinance allows case by case zoning which is invalid and constitutionally infirm as flexible selective zoning and not in accordance with a comprehensive plan. *Eves v. Zoning Board of Adjustment,* 401 Pa. 211, 164 A.2d 7 (1960). In *Eves,* it is recognized that a case by case determination is permitted, but only by the specialized township boards of adjustment. 401 Pa. at 219, 164 A.2d at 12. This has been altered by Section 603 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P. L. 805, *as amended,* 53 P. S. §10603, (PMPC), which now provides, in part:

"[Z]oning ordinances may contain:

. . . .

"(2) provisions for conditional uses to be allowed or denied by the governing body after recommendations by the planning agency, pursuant to express standards and criteria set forth in the ordinance. . . ."

Further, the cases which have followed *Eves* have eliminated the comprehensive plan mandate and permitted zoning modification on the application of the landowner. *See Village 2 at New Hope, Inc. Appeal,* 429 Pa. 626, 241 A.2d 81 (1968); *Marino v. Zoning Hearing Board of Harrison Twp.,* 1 Pa. Commonwealth Ct. 116, 274 A.2d 221 (1971); R. Ryan, *Pennsylvania Zoning Law and Practice,* §3.26, p. 25-26 (1970, Supp. 1974).

Appellant next asks this Court to find the Ordinance exclusive and exclusionary and thus unconstitutional. In support of this contention, appellant cites *Girsh Appeal,* 437 Pa. 237, 263 A.2d 395 (1970), and other cases which deal with uses not provided for by the existing zoning law, leaving the burdensome variance process as the only method by which such use can be permitted without a change in the law. Under the instant Ordinance, mobile

homes are a permitted conditional use in any zoning district in the Township.

As is always the case when a use is not expressly excluded by a zoning ordinance, a presumption of validity and constitutionality attaches to it. *Ellick v. Board of Supervisors of Worcester Township*, 17 Pa. Commonwealth Ct. 404, 333 A.2d 239 (1975). Appellant argues that the 15,000 square foot area requirement of the Ordinance amounts to a de facto exclusion. However, even against an asserted de facto exclusion, the heavy presumption in favor of the ordinance remains. *Hodge v. The Zoning Hearing Board of West Bradford Township*, 11 Pa. Commonwealth Ct. 311, 312 A.2d 813 (1973). While it is true that a minimum lot size could be so great as to be exclusionary, *National Land and Investment Company v. Easttown Township Board of Adjustment*, 419 Pa. 504, 215 A.2d 597 (1965), the requirement here does not amount to exclusion. See *Colonial Park for Mobile Homes, Inc. v. Zoning Hearing Board*, 5 Pa. Commonwealth Ct. 594, 290 A.2d 719 (1972), where this Court affirmed a denial of mobile home development based on a 20,000 square foot minimum lot size.

Finally, appellant asserts that the Ordinance is unconstitutional because it requires a larger minimum lot size for mobile homes than for other dwellings. This argument must be rejected as an erroneous reading of the Ordinance. In fact, the Ordinance does not differentiate between large scale mobile home developments and large scale residential home developments in terms of lot size. In both cases, for large scale development such as that projected by appellant, the minimum lot size mandated is 15,000 square feet.

For the foregoing reasons, this appeal must fail.

Affirmed.

_____

DISSENTING OPINION BY JUDGE MENCER:

I respectfully dissent I hold to the view that a 15,000-square-foot lot area requirement for mobile home park

usage is an unreasonable regulation. My reasons for such a view are fully set forth in my dissenting opinions filed in *Delaware County Investment Corporation v. Zoning Hearing Board of the Township of Middletown,* 22 Pa. Commonwealth Ct. 12, 347 A.2d 513 (1975), and in *Colonial Park for Mobile Homes, Inc. v. Zoning Hearing Board,* 5 Pa. Commonwealth Ct. 594, 290 A.2d 719 (1972).[1]

Judge KRAMER joins in this dissent.

---

1. Although these two cases were factually concerned with a 20,000-square-foot lot area requirement for mobile home park usages, I consider the basis of my dissents in those cases to have application in the instant case.