Harold J. Ramsey *v.* Zoning Hearing Board of the Borough of Dormont et al. The Borough of Dormont, Appellant.

Argued March 3, 1983, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

*Phillip D. Paull,* for appellant.

*William G. Boyle,* with him *Robert P. Struble, Meyer, Unkovic & Scott,* for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., October 13, 1983:

The Borough of Dormont appeals an Allegheny County Common Pleas Court order reversing the Dormont Zoning Hearing Board's (Board) denial of a use conversion permit. We affirm.

Harold Ramsey owns a single-family house in a commercial district which is a valid non-conforming use. Ramsey sought to convert the property to a *conforming commercial use,* but the Board refused his application, holding that Section 504.2 of the zoning ordinance (ordinance) prohibited the conversion.

Section 504.2 provides that:

No existing single . . . family dwelling situate in any residential district . . . established under prior zoning ordinances, which are now included in any commercial . . . District established by this ordinance, shall be converted to any commercial use.

Ramsey contends that, because his building was unoccupied for eighteen months, the non-conforming use terminated and the property reverted to a commercial

use by operation of Section 501.3 of the ordinance, which provides that:

> If a non-conforming use of land or buildings ceases operations for a continuous period of more than six (6) months, then this shall be deemed to be an intent to abandon such use and any subsequent use of land shall conform to the regulations of this ordinance.

Our scope of review where the lower court took no additional evidence is limited to determining whether the Board abused its discretion, committed a legal error, or made findings of fact which were not supported by substantial evidence. *Grosek and Associates v. Zoning Hearing Board of Montrose Borough,* 69 Pa. Commonwealth Ct. 38, 450 A.2d 263 (1982).

Ramsey misconstrues Section 501.3 in these circumstances. That section provides for the elimination of non-conforming uses. It furnishes a means by which the Borough can establish an owner's intent to abandon. It is *not* a rule which requires a property to remain unoccupied for six months before a non-confirming use may be abandoned.

However, Ramsey may lawfully convert to a *conforming* commercial use. Section 504.2 applies only to *dwellings.* Section 102.2 of the ordinance as applied indicates that Ramsey's building is no longer a "dwelling." That section defines a single-family dwelling as:

> A building designed for *and occupied* exclusively as a residence for one (1) family. (Emphasis added.)

Since Section 504.2 applies only to *occupied* houses and since Ramsey's house was unoccupied, it is no longer a "dwelling." Ramsey must be granted a use conversion permit.

We have interpreted the relevant sections of the ordinance in this manner in order to comply with 1

Pa. C. S. §1921(c)(6)[1] and 1 Pa. C. S. §1922(3).[2] Though we cannot rule directly on the constitutionality of the ordinance,[3] we should,

> when a statute[4] is reasonably susceptible of two constructions, by one of which the statute would be unconstitutional and by the other it would be valid, . . . adopt the interpretation which will uphold it. (Citations omitted.)

*Trumbaur v. Zoning Hearing Board,* 73 Pa. D. & C.2d 20 (1975).

Our interpretation upholds the presumption of constitutionality of the Borough of Dormont zoning ordinance.

Affirmed.

---

[1] Section 1921(c) reads, in pertinent part:

(c) When the words of the statute are not explicit, the intention of the General Assembly may be ascertained by considering, among other matters:

. . . .

(6) The consequences of a particular interpretation.

[2] Section 1922 reads, in pertinent part:

In ascertaining the intention of the General Assembly in the enactment of a statute the following presumptions, among others, may be used:

. . . .

(3) That the General Assembly does not intend to violate the Constitution of the United States or of this Commonwealth.

[3] We question the constitutionality of Section 504.2. An owner is entitled to the fullest use of his property allowed by the zoning classification. Section 504.2 appears to restrict arbitrarily and capriciously this right. However, since a constitutional challenge to that section of the ordinance was not mounted before either the Board or the common pleas court, we regrettably cannot decide this case on those grounds. *See Sojtori v. Zoning Hearing Board and Moyer*, 6 Pa. Commonwealth Ct. 552, 296 A.2d 532 (1972).

[4] The rules of statutory construction are applicable to statutes and ordinances alike. *Diehl v. City of McKeesport*, 60 Pa. Commonwealth Ct. 561, 565 n. 7, 432 A.2d 288, 290 n. 7 (1981) (citation omitted).

460

The Allegheny County Common Pleas Court order, No. SA 1364 of 1981, dated March 11, 1982, is hereby affirmed.