John McVay, Executor of the Estate of Susan McVay, Deceased, and Federal Development, Inc. *v.* Zoning Hearing Board of the New Bethlehem Borough, Clarion County, Pennsylvania. New Bethlehem Borough, Appellant.

Submitted on briefs July 2, 1985, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*William R. Strong,* for appellant, New Bethlehem Borough.

No appearance for appellee.

OPINION BY JUDGE CRAIG, August 21, 1985:

Where a majority of the members of a zoning hearing board, before being appointed to that board, had signed and filed petitions in opposition to the adoption of a zoning ordinance amendment to rezone property for a low cost housing project, is their subsequent action as board members, denying a special exception for the same project, void by reason of bias?

*New Bethlehem Borough Council v. McVay,* 78 Pa. Commonwealth Ct. 167, 467 A.2d 395 (1983) (*McVay I*), involved another phase of this matter, consisting of a challenge by the same landowner, the McVay Estate, to the validity of New Bethlehem's zoning ordinance.

This court's opinion there recited antecedent history: In connection with a forty-unit low-income housing project approved by county and federal housing agencies on the basis of a resolution of need which the New Bethlehem Borough Council had adopted, that same council had agreed to rezone the McVay land from R-1, single-family residence only, to R-2, which allows multiple dwellings. However, on August 31, 1981, the council, after a public hearing on that re-

zoning amendment proposal, refused to enact any rezoning.

The estate and developer then undertook two alternative courses. Under section 1004 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §11004, they presented a curative amendment validity challenge which ultimately came before us in *McVay I,* contending that the borough zoning was exclusionary in that it did not provide a fair share of land for multi-family dwelling uses. After the borough council had rejected that challenge, the estate and developer appealed to the Court of Common Pleas of Clarion County, which upheld the challenge. Our *McVay I* decision reversed, concluding that the ordinance was not exclusionary because it contained special exception provisions allowing multi-family dwellings throughout much of the borough, including the R-1 district, as components of planned residential development (PRD).

In the meantime, the estate and developer had also pursued that PRD special exception route before the zoning hearing board. (Although the ordinance labels the PRD allowance as a "conditional use," precise statutory label for such a development permission is "special exception," in accordance with MPC §§603, 913, 53 P.S. §§10603, 10913.)

Because New Bethlehem had never staffed the membership of its zoning hearing board, the council proceeded to appoint its five members in November of 1981. At least a majority of those appointees were among those persons who three months earlier had signed and submitted petitions opposing councilmanic rezoning for the project.

After announcing that their previously-filed opposition to the project was personal and not official,

and that it therefore would not interfere with an objective decision by them on the special exception request, the board members proceeded to conduct hearings on that matter, extending over a total of twenty-one hours on four dates during the period from November of 1981 into January of 1982. After deliberating for fifteen hours on their decision, the five-member board unanimously rejected the request for a special exception.

The developer and estate again appealed to the Court of Common Pleas of Clarion County, attacking the refusal on the merits as well as upon the alleged bias of the board members. Judge WISER vacated the board decision as void for bias, but declared the entire matter moot on the basis that it involved a section of an ordinance which the common pleas court had previously declared to be invalid.

However, our subsequent reversal of that previous trial court decision, in *McVay I*, necessarily means that the prospect of erecting multiple dwellings in this borough, as part of a PRD, is a matter not mooted. Therefore, if the zoning hearing board's administrative denial of PRD approval is a nullity by reason of bias, then there would remain a need to have an unbiased tribunal resolve the merits of the PRD application.

This court has no hesitancy in agreeing with Judge WISER that the board decision was void in view of the majority's previous participation in a signed protest against rezoning for the same project. Even without proof of harm, Pennsylvania's Supreme Court has concluded that a denial of due process is present in such situations. In *Gardner v. Repasky*, 434 Pa. 126, 252 A.2d 704 (1969), the Supreme Court stated:

[A]ny tribunal permitted by law to try cases and controversies must not only be unbiased but must avoid even the appearance of bias.

Even though there is a technical distinction between rezoning—the enactment of an ordinance amendment to change the district classification of a property—and administratively granting development permission by special exception, the essential characteristic of the petitions against the rezoning here was opposition to allowing the low-income housing project. The end result of the special exception denial was the negation of the same project.

In *Schlesinger Appeal*, 404 Pa. 584, 598, 172 A.2d 835, 840-41 (1961), the Pennsylvania Supreme Court, quoting from *In re Murchison*, 349 U.S. 133, 136, 75 S. Ct. 623, 625, 99 L.Ed. 942 (1955), held:

'A fair trial in a fair tribunal is a basic requirement of due process. Fairness of course requires an absence of actual bias in the trial of cases. But our system of law has always endeavored to prevent even the probability of unfairness. To this end no man can be a judge in his own case and no man is permitted to try cases where he has an interest in the outcome. . . . This Court has said . . . that "Every procedure which would offer a possible temptation to the average man as a judge . . . not to hold the balance nice, clear, and true between the State and the accused, denies the latter due process of law." Tumey v. Ohio, 273 U.S. 510, 532, 47 S.Ct. 437, 444, 71 L. Ed. 749 (1927).'

The Supreme Court applied that principle in *Horn v. Township of Hilltown*, 461 Pa. 745, 337 A.2d 858 (1975), to vacate a zoning hearing board action where advocacy against development permission and a duty to advise the tribunal on the same issue was merged in one solicitor.

The borough's brief here argues for a weakening of the principle in *Horn* by quoting only from the dis-

senting opinion in *Department of Insurance v. American Bankers Insurance Co.*, 478 Pa. 532, 387 A.2d 449 (1978), but the per curiam majority decision in that case invalidated an administrative decision on the commingling ground. *Human Relations Commission v. Feeser*, 469 Pa. 173, 364 A.2d 1324 (1976), is inapplicable because the Supreme Court there found that there was no functional duplication, in that the state attorney representing the complainant did not, as a matter of fact, serve as advisor to the commission.

*GRC Coal Co. v. Commonwealth*, 63 Pa. Commonwealth Ct. 10, 437 A.2d 512 (1981), is distinguishable because there the involvement of separate attorneys, independently supervised, did not result in a commingling of advocacy with adjudicative functions; moreover, the record in that case involved no factual foundation as to bias on the part of board members, unlike the present case. Finally, *Bryan v. Pennsylvania Human Relations Commission*, 45 Pa. Commonwealth Ct. 125, 404 A.2d 1368 (1979), and *Bruteyn Appeal*, 32 Pa. Commonwealth Ct. 541, 380 A.2d 497 (1977), hold only that a tribunal's preliminary probable cause determination does not disable it from finally adjudicating the same matter.

Therefore, the order of the trial court here, which vacated the zoning hearing board order without providing further relief, is worthy of affirmance as far as it goes, but must be modified to remand the matter with a direction that the trial court make independent findings of fact upon the existing record, together with any additional evidence deemed necessary by the trial court—in order to reach conclusions of law and a decision on the merits of the PRD request.

## ORDER

Now, August 21, 1985, the order of the Court of Common Pleas of Clarion County, dated September

1, 1983, is affirmed, but with the modification that this case is remanded to the trial court, with a direction that the trial court reach an independent decision on the merits of the planned residential development request, on the basis of the existing record, together with such additional evidence, if any, which the trial court may deem necessary to permit it to make its own findings of fact and conclusions of law.

Jurisdiction relinquished.