633 A.2d 144

**BAC, INC., Appellant,**

v.

**BOARD OF SUPERVISORS OF MILLCREEK TOWNSHIP, Appellee.**

Supreme Court of Pennsylvania.

Submitted Sept. 21, 1992.

Decided Nov. 10, 1993.

382

Victor R. Delle Donne, Hollinshead, Mendelson, Delle Donne, Bresnahan & Nixon, P.C., Pittsburgh, for appellant.

Richard W. Perhacs, Knox, McLaughlin, Gornall & Sennett, P.C., Erie, for Millcreek Tp. Hearing Bd.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY and MONTEMURO, JJ.

## OPINION

NIX, Chief Justice.

In this case, we must determine whether the Millcreek Township Board of Supervisors acted properly when it rejected a challenge to its zoning ordinance for allegedly excluding mobile homes in violation of our Constitution. Our decision will turn on whether the record contains sufficient evidence to rebut the presumption that the ordinance is constitutionally valid. For the reasons that follow, we hold that the Board acted properly.

This case arose out of the following set of facts. Appellant BAC, Inc., (BAC) owns a parcel of real estate in Millcreek Township (Township). BAC desires to use the land as a mobile home park. However, the property is located in two zoning districts that do not permit mobile homes.[1] Mobile home parks are only permitted in areas zoned "C" Residence Districts.

On December 8, 1987, BAC filed with the Millcreek Township Board of Supervisors (Board) a challenge to the validity of the zoning ordinance. The validity challenge incorporated four proposed curative amendments to permit the construction of a mobile home park on BAC's land. The Board conducted three days of hearings and on January 23, 1989, rejected

---

1. Part of the land is in a Resort/Business District, while the remainder is in a "B" Business District.

BAC's challenge and its curative amendments. Specifically, the Board concluded that the zoning ordinance is "not exclusionary" and that it "makes adequate and reasonable provision for a 'fair share' of mobilehomes and mobilehome parks." *In the Matter of the Challenge of BAC, Inc.,* slip op. at 22–23 (Board of Supervisors, Millcreek Township, Jan. 23, 1989).

On appeal, the Court of Common Pleas rejected the Board's conclusion and reversed its adjudication as an abuse of discretion and an error of law. The court took this action after performing the analysis we articulated in *Surrick v. Zoning Hearing Bd. of Upper Providence Township,* 476 Pa. 182, 382 A.2d 105 (1977), to assess whether a zoning ordinance is unconstitutionally exclusionary.

The Board appealed to the Commonwealth Court, which also applied the *Surrick* analysis. The Commonwealth Court reversed the Order of the Court of Common Pleas because the Board's conclusion that the Township makes provision for a "fair share" of mobile homes was "supported by the evidence." *Bd. of Supervisors of Millcreek Township v. BAC, Inc.,* 137 Pa.Commw. 494, 505, 586 A.2d 1011, 1017 (1991). BAC subsequently sought allowance of appeal. We granted allocatur in order to determine if the Board's adjudication could be sustained in light of our discussion in *Surrick.* 528 Pa. 618, 596 A.2d 801 (1991). We hold that the Board acted properly in rejecting BAC's challenge to the validity of the Township's zoning ordinance.

 We begin by reviewing our decision in *Surrick.* In that case, we formulated an analytical method for assessing whether a zoning ordinance is unconstitutionally exclusionary. The procedure we devised grew out of a series of decisions relating back to two constitutional principles. The first is that individuals have the right to enjoy private property. Pa. Const. art. I, § 1. The second is that any governmental exercise of police power to interfere with this right must be reasonable to comply with federal due process requirements. U.S. Const. amends. V and XIV; *Girsh Appeal,* 437 Pa. 237, 241 n. 3, 263 A.2d 395, 397 n. 3 (1970). The latter principle

demands that a zoning ordinance be substantially related to the protection of the public welfare. *National Land and Investment Co. v. Easttown Township Bd. of Adjustment*, 419 Pa. 504, 522, 215 A.2d 597, 607 (1965).

██ These core principles inspired our decisions in a line of cases collectively embracing the following view: Where a municipal subdivision is a logical place for development to occur, it must assume its rightful part of the burdens associated with development, neither isolating itself nor ignoring the housing needs of the larger region. *See Township of Willistown v. Chesterdale Farms, Inc.*, 462 Pa. 445, 341 A.2d 466 (1975); *Concord Township Appeal*, 439 Pa. 466, 268 A.2d 765 (1970); *Girsh Appeal*, 437 Pa. 237, 263 A.2d 395 (1970); *National Land*, 419 Pa. 504, 215 A.2d 597 (1965). This philosophy finds concrete expression in the "fair share" principle, which this Court has adopted. It requires local political units to "plan for and provide land use regulations which meet the legitimate needs of all categories of people who may desire to live within its boundaries." *Surrick*, 476 Pa. at 189, 382 A.2d at 108.

██ A municipality violates this principle if it practices exclusionary zoning, which could exist in one of two forms. A particular use could be totally excluded. Such was the case in *Girsh Appeal*, where the ordinance made no provision for multiunit apartment buildings. Alternatively, a zoning ordinance could partially exclude a use to such an extent that it engages in "tokenism" or "selective admission." That was the objection we had in *Willistown*, where 80 of the township's 11,589 acres were set aside for apartments.

In order to facilitate the review of ordinances alleged to be exclusionary, *Surrick* synthesized a three-part analysis which grew out of the approach taken in earlier cases. The first two parts raise threshold inquiries focusing on a municipality's propensity for population growth and its capacity to accommodate additional development. *Surrick*, 476 Pa. at 192, 382 A.2d at 110. If a community is a logical area for development and its present level of development does not preclude further

development, then it is necessary to conduct the third inquiry, which focuses on determining the exclusionary impact of the zoning ordinance. *Id.* at 194, 382 A.2d at 111.

■■ We begin our analysis of the case at bar by noting that the zoning ordinance is presumed to be valid; therefore, BAC assumes the burden to prove its invalidity. *National Land,* 419 Pa. at 522, 215 A.2d at 607. By concluding that the zoning ordinance does not unconstitutionally exclude mobile homes, the Board implied that BAC failed to carry its burden. No additional evidence was presented subsequent to the Board's adjudication. Because of this, we are limited to determining whether the Board committed a manifest abuse of discretion or an error of law. *Id.* at 523, 215 A.2d at 607. Operating within this scope of review, we find that the Board acted properly in rejecting BAC's challenge to the constitutional validity of the Township's zoning ordinance.

In *Surrick,* we indicated that the critical inquiry into the exclusionary impact of a zoning ordinance must be conducted if it has been determined that the municipality is a logical place for growth and is not already highly developed. The Board did not make a finding with respect to these two threshold inquiries. However, we conclude that even if Millcreek satisfies these two threshold conditions, the record does not contain sufficient evidence to overcome the presumption that the zoning ordinance is valid.

■ Although BAC claims that the zoning ordinance is unconstitutionally excluding mobile homes, it cites no evidence in support thereof. Instead, it points to evidence purporting to establish that the Township has not made adequate allowances for housing for low to moderate income families. The Court of Common Pleas relied on this same evidence as the basis for its decision to reverse the Board's adjudication. However, this evidence has no value because it addresses whether Millcreek is impermissibly excluding certain classes or groups of people. That question is entirely different from the one BAC raised in its validity challenge.

In *Surrick,* we recognized a clear distinction between restrictions on uses of property and exclusions of classes of people. We stressed that only the former is the proper subject of the analysis we synthesized. This is because it flows from the constitutionally protected right to own and enjoy property. Thus, it grew out of a line of cases striking down zoning schemes for restricting or excluding certain uses of property, not classes of people. *Surrick,* 476 Pa. at 193 n. 10, 382 A.2d at 110–11 n. 10. Since the focus of BAC's challenge is that the zoning ordinance does not make reasonable provision for mobile home uses, its reliance on evidence relating to the Township's alleged failure to accommodate a certain class of people is misplaced. Furthermore, because BAC refers to no additional evidence in support of its claim, we are constrained to hold that it failed to carry its burden to rebut the presumption that the zoning ordinance is valid.

The Board said that it rejected BAC's challenge because it found that the zoning ordinance is not exclusionary. The Commonwealth Court gave the same reason for its decision to reverse the Court of Common Pleas. It was unnecessary for this finding to be made because BAC did not rebut the presumption of validity. Furthermore, we make no judgment with respect to the Board's finding. Our only conclusion is that, because BAC failed to carry its burden, the Board acted properly in rejecting the challenge to the constitutionality of its zoning ordinance.

Accordingly, we affirm the Order of the Commonwealth Court.

PAPADAKOS, J., did not participate in the consideration or decision of this case.