**HEJ PARTNERSHIP, Appellant,**

v.

**CLINTON COUNTY COMMISSIONERS.**

Commonwealth Court of Pennsylvania.

Argued Dec. 8, 1994.

Decided March 31, 1995.

John A. Gummo, for appellant.

Lewis G. Steinberg, for appellee.

David K. Irwin, for intervenor Clout, Inc.

Before McGINLEY and PELLEGRINI, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

HEJ Partnership (HEJ) appeals from an order of the Court of Common Pleas of Clinton County (trial Court) which affirmed a decision of the Clinton County Commissioners (County Commissioners) denying HEJ's validity challenge to the Clinton County Zoning Ordinance (Ordinance) and rejecting its proposed curative amendment. We affirm.

This action was argued seriatim to this Court in conjunction with *Clout, Inc. v. Clinton County Zoning Hearing Board,* ——— Pa.Commonwealth Ct. ———, 657 A.2d 111 (1995), and the background facts are set out in greater detail therein. While the above related case was pending before the trial court, HEJ challenged the validity of the Ordinance before the Clinton County Planning Commission. HEJ proposed a curative amendment to the Ordinance, claiming that it is exclusionary or ambiguous in regard to a compost facility.

Following a unanimous vote by the Planning Commission recommending denial of the request, the County Commissioners held a public hearing on January 25, 1994, at which time all parties involved were permitted to present testimony and cross-examine witnesses.[1] On February 23, 1994, the County Commissioners issued their decision, concluding that the Ordinance was not exclusionary as to compost facilities, finding that such facilities were permitted as special exceptions within agricultural districts in the County and as permitted uses within industrial districts.[2] HEJ appealed to the trial court which, without taking any additional evidence, held that the County Commissioners had not abused their discretion or committed an error of law because the record supported their determination that the Ordinance provides for the construction and operation of composting facilities. HEJ now appeals to this Court.[3]

HEJ argues that substantial evidence does not exist within the record to support the County Commissioners's findings that the Ordinance is not exclusionary in regards to compost facilities. Reminding us that the trial court reversed the Clinton County Zoning Hearing Board's previous decision permitting a compost facility as a special exception within the agricultural district, *See*

---

1. In addition to HEJ, Citizens and Landowners Outraged United Together (CLOUT), the Pine Creek Preservation Association and the Pine Creek Council of Governments, were all permitted to participate in the hearing.

2. Furthermore, the County Commissioners held that, even if the decision of the Clinton County Zoning Board permitting a compost facility as a special exception within the agricultural district was reversed by the trial court, as it eventually was, this factor was not determinative of the outcome here because, "[r]egardless of whether composting is allowed as a special exception in an Agricultural District, it is a permitted use in an Industrial District." (R.R. 202a).

3. Where no additional evidence has been submitted to the trial court, this Court's scope of review is limited to a determination of whether County Commissioners committed a manifest abuse of discretion or an error of law in denying appellant's validity challenge and proposed curative amendment to the Ordinance. *Reimer v. Board of Supervisors of Upper Mount Bethel Township,* 150 Pa.Commonwealth Ct. 323, 615 A.2d 938 (1992). Appellate courts will not disturb the findings of a lower tribunal if the record indicates that those findings are supported by substantial evidence. *Boundary Drive Associates v. Shrewsbury Township Board of Supervisors,* 507 Pa. 481, 491 A.2d 86 (1985).

*Clout,* HEJ urges us to hold that the Ordinance is now exclusionary and that the decision of the County Commissioners is an abuse of discretion and error of law.

■ Zoning ordinances are presumed to be valid and constitutional and those challenging them and proposing curative amendments bear a heavy burden; however, this presumption in favor of the validity of such ordinances will shift following a demonstration that the ordinance in question completely excludes a legitimate use. *Overstreet v. Zoning Hearing Board of Schuylkill Township,* 152 Pa.Commonwealth Ct. 90, 618 A.2d 1108 (1992). Whether a zoning ordinance is exclusionary is a question of law, reviewable by this Court. *Cracas v. Board of Supervisors of West Pikeland Township,* 89 Pa.Commonwealth Ct. 424, 492 A.2d 798 (1985).

Here, despite the reversal by the trial court on the related issue of composting as a special exception within the agricultural districts of Clinton County, the burden never shifted from HEJ because the County Commissioners found, and the trial court agreed, that composting was a permitted use within the industrial district.[4] Both the County Commissioners and the trial court relied on the testimony of Timothy Holladay, the current county zoning officer who was involved in the original drafting of the Ordinance. (R.R. 147a, 151a–152a). Mr. Holladay clearly and unequivocally has repeatedly indicated that a compost facility would be a permitted use within the industrial districts of Clinton County. (R.R. 161a).

Despite the existence of this testimony and evidence, HEJ continues to maintain that the Ordinance is exclusionary and that the record lacks support for the County Commissioners' findings because Mr. Holladay's testimony must be rejected. Several reasons are presented by HEJ as to why we should discount the testimony of Mr. Holladay.

■ First, HEJ argues that Mr. Holladay was never qualified as an expert in composting. However, it does appear Mr. Holladay was qualified as an expert in zoning ordinances and their interpretation (R.R. 151a–152a). Moreover, like our review of

zoning board decisions, because the trial court took no additional evidence, it is the County Commissioners which have the sole power to judge the credibility of witnesses and the weight to be given to their testimony. *Abbey v. Zoning Hearing Board of East Stroudsburg,* 126 Pa.Commonwealth Ct. 235, 559 A.2d 107 (1989).

Next, HEJ argues that composting is not mentioned anywhere within the Ordinance and that Mr. Holladay had admitted that he had never heard the word at the time the Ordinance was enacted. HEJ believes that the absence of the term from the Ordinance, coupled with Holladay's ignorance of such a land use at the inception of the Ordinance, renders his ultimate opinion as to its permitted use within an industrial district meaningless. We disagree.

■ It is well settled that the fact that an ordinance does not contain a specific provision addressing a proposed use is not, in and of itself, a basis for finding an unconstitutional exclusion of that use. *Kratzer v. Board of Supervisors of Fermanagh Township, Juniata County,* 148 Pa.Commonwealth Ct. 454, 611 A.2d 809 (1992); *Willits Woods Associates v. Zoning Board of Adjustment of the City of Philadelphia,* 138 Pa.Commonwealth Ct. 62, 587 A.2d 827 (1991). There is no unconstitutional exclusion where a proposed use may be considered within a different classification or, where the ordinance in question is broad enough to encompass the proposed use. *Willits Woods Associates; Appeal of M.A. Kravitz Co., Inc.* 501 Pa. 200, 460 A.2d 1075 (1983). This is exactly what has happened here.

In this case, the County Commissioners found that a compost facility would be a permitted use within the industrial districts of the County. Merely because Mr. Holladay, as one of the drafters of the Ordinance, had not heard of the term "composting" when the Ordinance was created, does not render his testimony and opinions infirm. No zoning officer can ever be aware of every conceivable use of land before drafting an ordinance. Indeed, part of their job is to render opinions on uses not explicitly covered

4. *See* n. 2.

within an ordinance. If every possible use could be clearly listed within an ordinance, there would be no need for their services.

Finally, HEJ's repeated emphasis on the testimony and case law supporting the argument that composting is an agricultural use of land is irrelevant to the determination of whether the Ordinance is exclusionary to the proposed use. Even if we were to accept the argument that composting is a traditionally agricultural activity, this does not require a finding that the Ordinance is exclusionary when evidence exists within the record indicating that it is a permitted use in the industrial districts.

With the record indicating that compost facilities are permitted throughout the industrial districts of the county,[5] this Court, as a matter of law, cannot say that the Ordinance is unconstitutionally exclusionary.

Accordingly, the decision of the trial court is affirmed.

### ORDER

NOW, March 31, 1995, the order of the Court of Common Pleas of Clinton County, in the above-captioned matter, is hereby affirmed.

---

5. In addition to the County Commissioners' findings and the testimony of Mr. Holladay in this record, also see the letter of the Clinton County Planning Commission indicating that composting is a permitted use within the industrial district, entered as an exhibit in *Clout, Inc. v. Clinton County Zoning Hearing Board* at R.R. 288a–291a.