Gerald A. FICCO and Eleanor E. Ficco, his wife, Appellants,

v.

**BOARD OF SUPERVISORS OF HEMPFIELD TOWNSHIP.**

Commonwealth Court of Pennsylvania.

Argued May 14, 1996.

Decided June 12, 1996.

**898**

William C. Stillwagon, for Appellants.

Daniel J. Hewitt, for Appellee.

Before COLINS, President Judge, FRIEDMAN, J., and SILVESTRI, Senior Judge.

FRIEDMAN, Judge.

Gerald A. Ficco and Eleanor E. Ficco (Owners) appeal from an order of the Court of Common Pleas of Westmoreland County (trial court) dismissing Owners' appeal from a decision of the Hempfield Township (Township) Board of Supervisors (Board) which denied Owners' curative amendment challenge to the validity of the Township's zoning ordinance, filed pursuant to section 609.1 of the Pennsylvania Municipalities Planning Code (MPC).[1]

Owners own a 1.8 acre tract of land located in Hempfield Township, Westmoreland County, Pennsylvania. The property is currently zoned as a B–3 Highway Business District. (Trial ct. op. at 1.) On September 30, 1994, Owners leased the property to Laidlaw Transit, Inc. (Lessee), who began using the property as a bus depot for approximately thirty school buses. (Trial ct. op. at 1.)

On October 26, 1994, the Township gave Lessee notice that a bus depot was not permitted in a B–3 District. Accordingly, on February 28, 1995, Owners filed an application for a curative amendment to the Township zoning ordinance, which, if granted, would have made a bus depot a permitted use in a B–3 Highway Business District. (Trial ct. op. at 1–2.) In support of the amendment, Owners argued that the Township zoning ordinance is unconstitutionally exclusionary because, under its terms, bus depots are not permitted anywhere within the Township. In opposition, the Township argued that the Township zoning ordinance did not exclude bus depots and that the zoning officer had informed Lessee that a bus depot could be recognized and approved as a special exception in an area zoned as an I–2 Heavy Industrial District.[2] (Trial ct. op. at 2.)

A public hearing was held on the curative amendment on April 12, 1995, at which time a number of residents of Fox Ridge, a nearby residential area, voiced objections to the presence of the depot because of noise, odors and increased traffic. (Trial ct. op. at 2.) Upon consideration of the evidence presented

---

1. Section 609.1 of the MPC, Act of July 31, 1968, P.L. 805, *as amended*, added by Section 53 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10609.1, provides in pertinent part:

   (a) A landowner who desires to challenge on substantive grounds the validity of a zoning ordinance or map or any provision thereof, which prohibits or restricts the use or development of land in which he has an interest may submit a curative amendment to the governing body with a written request that his challenge and proposed amendment be heard and decided as provided in section 916.1.

2. Although not specifically mentioning bus depots, the Township zoning ordinance provides for a special exception for a "truck terminal" in both I–2 Heavy Industrial Districts and I–1 Light Industrial Districts. (Trial ct. op. at 3.)

at the hearing, the Board denied Owners' curative amendment challenge, and Owners appealed to the trial court.

On appeal, the trial court focused on three issues: (1) whether the Township zoning ordinance excludes, or has the effect of excluding, the proposed use; (2) if so, whether the exclusion is *prima facie* valid because the use is objectionable by nature; and (3) if the exclusion is not *prima facie* valid, whether the Township has justified the exclusion. (Trial ct. op. at 3 (citing *Township of Paradise v. Mt. Airy Lodge, Inc.*, 68 Pa.Cmwlth. 548, 449 A.2d 849 (1982)).)

■ Noting that the words "terminal" and "depot" are synonyms, the trial court reasoned that, although the term "bus depot" does not appear within the Township zoning ordinance, "to conclude that this excludes such a use entirely is to read the ordinance in a hypertechnical manner."[3] (Trial ct. op. at 3.) Indeed, the trial court agreed with the Board's conclusion that the use of the property for parking school buses is the equivalent of using the property as a "truck terminal," finding such an interpretation a reasonable construction of the Township ordinance. Because the Township zoning ordinance permits a "truck terminal" as a special exception in I–1 and I–2 Industrial Districts, the trial court held that Owners had not met their burden of showing that the ordinance here excludes bus depots; thus, the Board had not erred in denying

Owners' proposed curative amendment. It is from this order that Owners now appeal.[4]

■ A municipality zoning ordinance is presumptively valid and constitutional. *In Re Appeal of Shore*, 524 Pa. 436, 573 A.2d 1011 (1990); *Layne v. Zoning Board of Adjustment*, 501 Pa. 224, 460 A.2d 1088 (1983). Accordingly, the party challenging the lawfulness of the ordinance bears the "heavy burden" of proving its invalidity. *Shore*, 524 Pa. at 438, 573 A.2d at 1012; *Layne*. Unless the challenger demonstrates that the ordinance in question completely or effectively[5] excludes a legitimate use, *Overstreet v. Zoning Hearing Board of Schuylkill Township*, 152 Pa.Cmwlth. 90, 618 A.2d 1108 (1992), the challenger has failed to carry its burden, and the rejection of a curative amendment is proper.[6] *BAC, Inc. v. Board of Supervisors of Millcreek Township*, 534 Pa. 381, 633 A.2d 144 (1993).

Here, therefore, the Township's zoning ordinance is presumptively valid, and Owners bear the burden of proving its defectiveness. In support of their burden, Owners argue that, simply because the words "bus depot" do not appear in the list of uses permitted within the Township, "bus depots are not a permitted use anywhere within the confines of Hempfield Township."[7] (Owners' brief at 6.) Owners further contend that a bus depot is not a commercial or industrial activity analogous to a "truck terminal," and that,

---

**3.** Because the terms "depot" and "terminal" both refer to a place where commercial vehicles are stored when not in use, and buses and trucks share more common characteristics than differences, the trial court found that "[t]o draw a distinction between trucks and buses is to make a distinction without difference...." (Trial ct. op. at 3.)

**4.** Our scope of review where the trial court took no additional evidence is limited to a determination of whether the Board committed an error of law or abused its discretion. *Valley View Civic Association v. Zoning Board of Adjustment*, 501 Pa. 550, 462 A.2d 637 (1983); *Overstreet v. Zoning Hearing Board of Schuylkill Township*, 152 Pa.Cmwlth. 90, 618 A.2d 1108 (1992).

The Board abuses its discretion only if its findings are not supported by substantial evidence. *Valley View*. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.*

**5.** Even if it does not totally prohibit a legitimate use on its face, a zoning ordinance may be unlawfully exclusionary if it partially excludes a legitimate use to such an extent that it engages in "tokenism" or "selective admission." *See BAC, Inc. v. Board of Supervisors of Millcreek Township*, 534 Pa. 381, 633 A.2d 144 (1993).

**6.** If the challenger meets its burden and rebuts the presumption of validity, the burden then shifts to the municipality to show that the ordinance substantially relates to the community's health, safety and general welfare. *Overstreet*.

**7.** Owners note that Leonard Dellara, a Township Zoning Ordinance Officer, testified before the Board that a bus depot is not a permitted use anywhere within the Township and, in fact, distinguished a bus depot from a "truck terminal," in contradiction with the Township's own argument. (Owners' brief at 11.)

therefore, although a bus depot *should* be allowed in a B–3 District, it is currently excluded from B–3 and all other districts in the Township; thus, the Township zoning ordinance is unlawfully exclusionary.

In opposition, the Township contends that, although the words "bus depot" do not appear in the list of specified uses permitted under the Township's zoning ordinance, the Township has interpreted the "truck terminal" classification in its ordinance to permit, by analogy, a "bus depot" as a special exception within either of the Township's industrial zones. Accordingly, the Township maintains that the Township's zoning ordinance is not unlawfully exclusionary and, thus, that a curative amendment is inappropriate.[8] We agree.

■■■ Although it is true that a "bus depot" is not specifically listed as a permitted use in the Township ordinance,[9] we have recognized that "the fact that a zoning ordinance does not contain a specific provision addressing a proposed use is not, in and of itself, a basis for finding an unconstitutional exclusion of that use." *Kratzer v. Board of Supervisors of Fermanagh Township, Juniata County,* 148 Pa.Cmwlth. 454, 611 A.2d 809, 812 (1992). Rather, where an ordinance does

not mention a specific intended use, we must determine whether a reasonable interpretation of the ordinance reveals another zoning classification in which that particular use may be allowed. *Id.; HEJ Partnership v. Clinton County Commissioners,* 657 A.2d 116 (Pa.Cmwlth.1995).[10]

■■■ Turning to such an inquiry, we believe that Owners' interpretation of the Township zoning ordinance, though not unreasonable, is unduly narrow. Where a proposed use can be considered within another zoning classification, or where a zoning ordinance is broad enough to encompass the proposed use, there is no *de jure* exclusion. *Kratzer; HEJ.* Here, the Township argues that a "bus depot" is substantially similar to a "truck terminal" for purposes of classification under the zoning ordinance. A "truck terminal" is permitted as a special exception in I–1 and I–2 Industrial Districts; thus, under the Township's interpretation of the ordinance, a "bus depot" would also be permitted as a special exception in I–1 and I–2 Industrial Districts.[11]

■■■ We agree with the trial court that this is a reasonable interpretation of the Township's ordinance.[12] Where an ordinance

---

**8.** Alternatively, the Township argues that, even if this court finds the Township zoning ordinance to be unlawfully exclusionary, Owners are not automatically entitled to simply rewrite the zoning ordinance so as to permit the excluded use in the zoning district in which their property is located; rather, this court has broad discretion to remand the matter to the Township for further consideration of the appropriate remedial action. However, because we hold here that the Township's ordinance is not exclusionary, we need not address this alternative argument.

**9.** Nor is a "bus depot" specifically or expressly prohibited by the Township ordinance, however. As is always the case, when a use is not expressly excluded by a zoning ordinance, a presumption of validity and constitutionality attaches to that ordinance. *Russell v. Penn Township Planning Commission,* 22 Pa.Cmwlth. 198, 348 A.2d 499 (1975).

**10.** In *HEJ,* we held that, where the county commissioners found that a compost facility would be a permitted use within the industrial districts of the county, we could not say, as a matter of law, that the ordinance was exclusionary. In doing so, we rejected the petitioner's argument, similar to that made by Owners here, that the

zoning ordinance was unconstitutionally exclusionary simply because the term "composting" was never mentioned anywhere within the ordinance and because a county zoning officer had admitted that he was unaware of such a land use at the inception of the ordinance.

**11.** In *Kratzer v. Board of Supervisors of Fermanagh Township, Juniata County,* 148 Pa. Cmwlth. 454, 611 A.2d 809 (1992), this court held that a zoning ordinance which conditionally allows an intended use by means of a special exception is not *de jure* exclusionary; the intended use will be considered a permitted use even where allowed only by special exception.

**12.** In attempting to resolve these obviously conflicting interpretations of the ordinance, Owners assert that the trial court failed to consider section 603.1 of the MPC, 53 P.S. § 10603.1, which requires that any ambiguity in the language of a zoning ordinance be resolved "in favor of the property owner and against any implied extension of the restriction."

However, although the trial court may not, in fact, have considered section 603.1, the trial court nonetheless complied with the mandate of that provision; indeed, inadvertently or other-

is reasonably susceptible of two conflicting constructions, a court should adopt that interpretation which would uphold the validity of the ordinance. *Ramsey v. Zoning Hearing Board of Dormont,* 77 Pa.Cmwlth. 456, 466 A.2d 267 (1983). Because Owners' interpretation would invalidate the ordinance, we adopt the Township's interpretation and hold that, under the Township zoning ordinance, a "bus depot" may be permitted as a special exception in an I–1 or I–2 Industrial District on the same basis as a "truck terminal." Consequently, Owners have failed to meet their heavy burden of proving that the Township zoning ordinance is unlawfully exclusionary.

Accordingly, we affirm the order of the trial court dismissing Owners' appeal.

### ORDER

AND NOW, this 12th day of June, 1996, the order of the Court of Common Pleas of Westmoreland County, dated October 17, 1995, is affirmed.

wise, by finding that the Township ordinance implicitly permits a bus depot, the trial court resolved any ambiguity in the language of the Township ordinance against any implied extension of the restriction.