Appeal of William Farrell From Decision of Worcester Township Zoning Hearing Board. William Farrell, Appellant.

William Farrell, Appellant *v.* Worcester Township Board of Supervisors, Appellee.

Argued June 7, 1984, before Judges MacPhail, Colins and Palladino, sitting as a panel of three.

*Norman P. Zarwin*, with him, *Charles B. Stokes, Jr., Zarwin and Baum, P.C.*, for appellant.

*Jerome B. Nulty, Clemens, Nulty and Gifford,* for appellee, Worcester Township Zoning Hearing Board.

OPINION BY JUDGE MACPHAIL, September 14, 1984:

William Farrell (Appellant) has brought two appeals, which have been consolidated for our consideration, from decisions of the Court of Common Pleas of Montgomery County. The first appeal, docketed to No. 1433 C.D. 1983, challenges the court's affirmance of the decision of the Worcester Township Zoning Hearing Board (ZHB) to deny Appellant the right, by accessory use status or special exception, to rent trailers, vans and trucks from his existing gasoline service station. In the second appeal, docketed at No. 1375 C.D. 1983, Appellant challenges the denial of his curative amendment application by the Worcester Township Board of Supervisors (Board of Supervisors) and, on appeal, by the court of common pleas.

Appellant owns and operates a gasoline service station which is located in a ''C'' Commercial District in Worcester Township. Gasoline service stations are a permitted use within the district; however, Section 2100(P) of the Township's zoning ordinance provides that such use ''shall not include the keeping of vehicles for sale, rent, or storage.''

On March 14, 1980, Appellant entered into an agreement with Jartran, Inc. to lease Jartran trailers, trucks and vans from his service station. The actual rentals began in May, 1980. On or about June 26, 1980, Appellant was notified by the Township zoning officer that his rental business violated the zoning ordinance. Appellant subsequently applied to the ZHB to gain either accessory use status or a special exception to permit continuation of his leasing activities. Following the denial of his application by the ZHB, Appellant filed a request for a curative amendment with the Board of Supervisors pursuant to Sections 609.1 and

1004 of the Pennsylvania Municipalities Planning Code.[1] Appellant alleged therein that the ordinance totally excludes the leasing of trailers, trucks and vans as a permissible business activity within the Township. The Board of Supervisors rejected the curative amendment request, finding *inter alia,* that appellant had failed to establish a total exclusion.

## No. 1433 C.D. 1983

We will first address Appellant's request for accessory use status or, in the alternative, a special exception. Where, as here, the court of common pleas did not take additional evidence, our scope of review is to determine whether the ZHB abused its discretion or committed an error of law. *Champaine v. Zoning Hearing Board of East Bradford Township,* 30 Pa. Commonwealth Ct. 544, 374 A.2d 752 (1977).

With regard to Appellant's request for accessory use status, the ZHB correctly noted that Section 2100 (P) of the Township ordinance expressly prohibits the rental of vehicles as a part of a gasoline service station business. Section 1101(Q) also permits accessory uses in the "C" Commercial District which are "on the same lot with and customarily incidental to any of the foregoing permitted uses." Appellant introduced various statistical evidence in an attempt to demonstrate that the rental of trucks, vans and trailers is customarily incidental to the primary use of a gasoline service station. We consider this evidence to be irrelevant, however, since even if Appellant could show that his proposed leasing operation qualifies under the general accessory use definition in the ordinance, his use would nevertheless be improper since the combination of a gasoline service station with the rental of vehicles is *specifically* prohibited by Section 2100

---

[1] Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§10609.1 and 11004.

(P). It is well settled that specific provisions in an ordinance control over general provisions. *Heck v. Zoning Hearing Board for Harveys Lake Borough,* 39 Pa. Commonwealth Ct. 570, 397 A.2d 15 (1979); Section 1933 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1933. We, accordingly, agree that Appellant is not entitled to accessory use status under the Township zoning ordinance.

We also find no error in the ZHB's decision to deny special exception status to Appellant's proposed use. The rental of trailers, vans and trucks is not one of the specifically enumerated uses which may be permitted by special exception under the Township zoning ordinance. Section 1101(O)(1) of the ordinance, however, provides that special exceptions may be granted for "Any use of the same general character as any of the uses hereinbefore specifically permitted without requirement of a special exception." It could be argued that a rental business of the nature proposed by Appellant is of the same general character as other uses permitted as of right in the commercial district *(e.g.,* new auto sales) and should, therefore, be permitted by special exception. While this could be true if Appellant were proposing to operate the rental business as a separate primary use, we must conclude that the ordinance does not permit the combination of principal uses as requested by Appellant. The basis for our conclusion that a special exception is not permitted in this case is, again, the fact that the ordinance specifically prohibits the combination of a gasoline service station with a vehicle rental business.

No. 1375 C.D. 1983

We must also review the Board of Supervisors' decision for abuse of discretion or legal error. *Lower Southampton Township Board of Supervisors v. Schurr,* 72 Pa. Commonwealth Ct. 322, 456 A.2d 702

(1983). Of course, one who challenges the constitutionality of a zoning ordinance must overcome its presumed validity. This presumption can be overcome by proof that the ordinance totally excludes an otherwise legitimate use. *Id.*

Appellant contends that the Township zoning ordinance is either de jure or de facto exclusionary with regard to the rental of trailers, vans and trucks. A person alleging a de jure exclusion must establish that the ordinance, on its face, totally bans a legitimate use. A de facto exclusion, on the other hand, is established where an ordinance permits a use on its face, but when applied acts to prohibit the use throughout the municipality. *Christ United Methodist Church v. Municipality of Bethel Park,* 58 Pa. Commonwealth Ct. 610, 428 A.2d 745 (1981).

With respect to de jure exclusion, the most Appellant has shown is that the ordinance prohibits the rental of vehicles in conjunction with a gasoline service station. The Board of Supervisors concluded, however, that a separate rental facility could be operated in any of the four "LI" Limited Industrial districts in the Township. We also agree with the court of common pleas that such a rental facility could be operated as a separate business by special exception in the commercial district. *See Zajac v. Zoning Hearing Board of Mifflin Township,* 41 Pa. Commonwealth Ct. 7, 398 A.2d 244 (1979) (in order to be valid an ordinance need not allow a use absolutely, but may permit it conditionally by special exception). Thus, the subject ordinance does not facially ban the business of renting trailers, vans and trucks.

With regard to de facto exclusion, Appellant has simply failed to adduce any evidence demonstrating that the ordinance, as applied, acts to exclude vehicle rental facilities. The testimony presented before the Board of Supervisors was directed at establishing a

need for the rental of trailers, vans and trucks in the Township. Such evidence, however, is irrelevant to the threshold issue of whether Appellant has established an exclusion of the proposed use. We conclude that he has not proven that such an exclusion exists. While Appellant did introduce zoning maps into the record, he made no more specific effort to demonstrate why vehicle rental facilities could not, in fact, be developed in the commercial or limited industrial districts or how those districts were inadequate for such development. We must, accordingly, conclude that Appellant has failed to meet his heavy burden of overcoming the presumed constitutionality of the zoning ordinance.

Orders affirmed.

ORDER

The orders of the Court of Common Pleas of Montgomery County, dated April 13, 1983 and May 3, 1983 and docketed to Nos. 81-15993 and 80-22847, respectively, are hereby affirmed.