523 A.2d 1208

D. C. Guelich Explosives Company *v.* The Zoning Hearing Board of Mifflin Township, Columbia County, Pennsylvania and The Supervisors of Mifflin Township, Columbia County, Pennsylvania. The Supervisors of Mifflin Township, Columbia County, Pennsylvania, Appellant.

Argued September 9, 1986, before Judges CRAIG and BARRY, and Senior Judge KALISH, sitting as a panel of three.

*Franklin E. Kepner, Jr.,* for appellant.

*Frank C. Baker,* for appellee.

Opinion by Senior Judge Kalish, April 10, 1987:

The Supervisors of Mifflin Township (appellant) appeal from an order of the Court of Common Pleas of Columbia County which held that the Mifflin Township Zoning Ordinance (Ordinance) is unconstitutional, and ordered that appellee, D. C. Guelich Explosives Company, be permitted to construct its proposed facility. We reverse.

Appellee leases approximately 350 acres of land in Mifflin Township (Township). The land is presently used for Christmas tree farming. Appellee seeks to use a portion of the property as a facility for the storage and distribution of explosives. The facility would consist of several magazines for the storage of dynamite, blasting caps, and blasting agents. Additionally, the facility would include a silo for the storage of ammonium ni-

trate. An existing structure on the premises would be used as an office and for storage of vehicles.

The land in question is located partially in a Residential Conservation District (R.C. District), and partially in a Residential Agricultural District (R.A. District). Appellee proposes that the magazines would be located in the R.A. District, and the silo, office, and storage space would be in the R.C. District. The entire facility would be regulated by the Federal Bureau of Alcohol, Tobacco and Firearms, the Pennsylvania Department of Environmental Resources, the Pennsylvania Department of Transportation, and the U.S. Department of Transportation.

Appellee submitted an application to appellant for a variance and/or a special exception. Simultaneously, appellee challenged the validity of the Ordinance. The Zoning Hearing Board of Mifflin Township (Board) held a hearing and rendered a decision denying the request for a variance and/or special exception, and dismissing the challenge to the Ordinance.

Following a de novo hearing, the trial court concluded that the proposed facility does not fall within the permitted uses in the Industrial Districts. The trial court also concluded that the proposed use does not fall within the permitted special exceptions in the R.C. and R.A. Districts. Further, the trial court held that because state and federal regulations effectively exclude the proposed facility from the Township's Industrial Districts, the Ordinance is exclusionary and unconstitutional. Thus, the trial court ordered that appellee be permitted to construct the proposed facility at the proposed site.

Appellant contends that the trial court erred in holding that the Ordinance is exclusionary and unconstitutional. Where, as here, the trial court took additional evidence, our scope of review is limited to whether

the trial court abused its discretion or committed an error of law. *Metzger v. Zoning Hearing Board of the Township of Warrington*, 85 Pa. Commonwealth Ct. 301, 481 A.2d 1234 (1984).

A zoning ordinance is presumed constitutional, and anyone challenging it bears a heavy burden of proving its invalidity. *Fernley v. Board of Supervisors of Schuylkill Township*, 509 Pa. 413, 502 A.2d 585 (1985). A person alleging a de jure exclusion must establish that the ordinance, on its face, totally bans a legitimate use. *Farrell Appeal*, 85 Pa. Commonwealth Ct. 163, 481 A.2d 986 (1984). On the other hand, a de facto exclusion is established where an ordinance permits a use on its face, but in application acts to prohibit the use throughout the municipality. *Id.*

In this case, both warehousing and storage are among the enumerated permitted uses in the Industrial Districts of the Township.[1] In its opinion, the trial court concluded that the proposed facility should not be considered a warehouse or a storage facility, and therefore is not a permitted use in the Industrial Districts. We disagree.

Appellee's manager testified that appellee's application was for "[d]istribution of explosives." Notes of Testimony (N.T.) at 3. Appellant's expert witness testified that the type of use requested by appellee was "a storage and distribution facility," N.T. at 66, and that in his opinion that use "is very parallel to a warehouse, a storage." *Id.* Appellee's expert witness testified that the use in question "could potentially be viewed as a warehouse. . . ." N.T. at 55. His only objection to consider-

---

[1] Section 472 of the Ordinance, titled "Use Regulations" enumerates certain permitted uses in the Industrial Districts. Section 472(A)(6) lists warehousing, and section 472(A)(11) lists storage as permitted uses.

ing the proposed use as a warehouse was his belief that the Ordinance would have contained restrictive conditions on the types of goods which could be stored in a warehouse if the use in question were to be considered warehousing under the Ordinance. N.T. at 54-57. We are convinced that the proposed use is warehousing and storage, which is permitted as of right in the Industrial Districts. Thus, the Ordinance does not totally ban the use proposed by appellee.

The trial court stated that even if the proposed facility were a permitted use in the Industrial Districts, "the aggregate of the land upon which the facility would be located, plus the land left vacant due to agency space requirements, would be so great that locating [the] subject facility within said zone would be economically inefficient." Thus, the trial court determined that the Ordinance is exclusionary.

We do not believe that such circumstances render the Ordinance exclusionary. While state and federal safety requirements may make it economically inefficient for this particular explosives storage facility to be established, the Ordinance does not act to prohibit warehousing and storage throughout the municipality. The Ordinance permits warehousing and storage in the Industrial Districts, and although the Township may not have sufficient space in the Industrial Districts to meet all of the state and federal requirements pertaining to the storage of explosives, these circumstances do not render the Ordinance exclusionary and unconstitutional.

Having determined that the Ordinance is not exclusionary, we will address the question of whether the proposed use is permitted in the R.C. or R.A. Districts. We agree with the trial court's conclusion that the proposed use does not fall within the permitted uses or special exceptions in those Districts. Section 412(c) of

the Ordinance lists distribution facilities as a permitted special exception in the R.C. District. Section 422(c) lists distribution facilities and specified industrial uses as permitted special exceptions in the R.A. District. Section 524 of the Ordinance defines distribution facilities as "including water, supply works and storage, electric, gas or oil substations, plus necessary right of way transmission lines." The proposed facility is not a distribution facility within the meaning of the Ordinance, because the definition of distribution facility only encompasses utilities. Section 525 of the Ordinance defines specified industrial uses as "manufacturing and assembly, warehousing and storage, research and testing laboratories, building or construction contractor and retail sales." In addition, section 525(a) includes a requirement that the owner, or another person having the primary interest in the proposed industrial use, shall reside on the parcel. Here, the proposed facility does not qualify as a specified industrial use because no one having an interest in the facility will be residing there. Thus, the proposed use does not fall within the permitted special exceptions in the R.C. and R.A. Districts.

In light of our determination that the Ordinance is not exclusionary, and in light of the fact that development of the proposed facility is not permissible in the R.C. and R.A. Districts, we must reverse the trial court.

## ORDER

Now, April 10, 1987, the order of the Court of Common Pleas of Columbia County, No. 364 of 1984, dated May 23, 1985, is reversed.