556 A.2d 22

# Borough of Edgewood, Appellant *v.* Lamanti's Pizzeria, Appellee.

Argued October 4, 1988, before Judges BARRY and SMITH, and Senior Judge KALISH, sitting as a panel of three.

*Frederick A. Boehm,* with him, *Patrick J. Clair, Goehring, Rutter & Boehm,* and *James M. McElfish,* for appellant.

*Joseph Sabino Mistick, Mistick & Sittig,* for appellee.

OPINION BY JUDGE SMITH, March 21, 1989:

Appellant Borough of Edgewood (Edgewood) appeals from the order of the Allegheny County Court of Com-

mon Pleas directing Edgewood to issue a building permit to Appellee Lamanti's Pizzeria (Lamanti). Questions presented for review[1] are whether the Board erred in affirming the revocation of Lamanti's building permit and whether Edgewood's Zoning Ordinance (Ordinance) is *de facto* exclusionary as to restaurants. The trial court's decision is affirmed.

Lamanti executed a lease, effective April 1, 1987, with the intention of relocating its restaurant 150 feet from its present site in Edgewood. Both the present and proposed sites fall within one of Edgewood's D-6 Commercial Zoning Districts (D-6 Zone).

Edgewood's borough council thereafter adopted Ordinance No. 862 on April 20, 1987 which amended the existing Ordinance No. 848 and created a single Planned Commercial Development District D-7 (D-7 Zone) allowing restaurants as one of the permitted uses. The new D-7 Zone requires a thirty-acre minimum lot size; unified development, *i.e.*, development of the entire site; and compliance with numerous other conditions. On May 27, 1987, and again on June 3, 1987, the borough council also advertised notice of a forthcoming public hearing on, and public inspection of, Ordinance No. 863, another proposed amendment to the existing Ordinance No. 848, prohibiting restaurants in D-6 Zones. This amendment was subsequently adopted on June 15, 1987.

On June 12, 1987, Lamanti applied for and was issued a building permit by Edgewood's zoning officer to repair and remodel the proposed relocation site for its restaurant. Lamanti's building permit, however, was suspend-

---

[1] This Court's scope of review, where, as here, no additional evidence is taken by the trial court, is limited to determining whether the zoning hearing board abused its discretion or committed an error of law. *Marinari v. Zoning Hearing Board of New Hanover Township*, 90 Pa. Commonwealth Ct. 601, 496 A.2d 121 (1985).

ed on June 16, 1987 and revoked on June 22, 1987 by the zoning officer on the grounds that Lamanti's proposed use and site failed to comply with the Ordinance's off-street parking provisions and that restaurants were prohibited in D-6 Zones under a pending amendment to the Ordinance.

Lamanti appealed the zoning officer's revocation of its building permit to the Board, contending, *inter alia*, that the Ordinance was *de facto* exclusionary as to restaurants. The Board found that while restaurants were prohibited in D-6 Zones, they were not excluded throughout Edgewood since they were permitted in the D-7 Zone. Accordingly, the Board concluded that the Ordinance was not *de facto* exclusionary as to restaurants and upheld the revocation of Lamanti's building permit, whereupon Lamanti appealed to the trial court. Without taking additional evidence, the trial court sustained Lamanti's appeal and directed Edgewood to issue a building permit to Lamanti, finding that a single D-7 Zone which required comprehensive development made establishment of a restaurant in Edgewood an impermissible improbability. Hence, Edgewood's appeal to this Court.

A building permit may be refused under the "pending ordinance doctrine" if there is pending at the time of application an amendment to the ordinance which prohibits the use for which the permit is sought. Amendments to ordinances are pending when the legislative body resolves to consider a particular scheme of rezoning and not only advertises its intention to hold public hearings on the proposed amendment but also invites public inspection thereof. *Boron Oil Co. v. Kimple*, 445 Pa. 327, 284 A.2d 744 (1971); *Board of Supervisors of Greene Township v. Kuhl*, 112 Pa. Commonwealth Ct. 624, 536 A.2d 836, *appeal denied*, 520 Pa. 579, 549 A.2d 139 (1988); *Bucks County Housing Development Corp. v.*

*Township of Plumstead,* 25 Pa. Commonwealth Ct. 354, 361 A.2d 447 (1976). Because Ordinance No. 862 had been adopted and Ordinance No. 863 was clearly pending prior to Lamanti's application for a building permit, they are applicable here. The crucial issue thus becomes whether Ordinance Nos. 862 and 863 effect a *de facto* exclusion of restaurants throughout Edgewood.[2]

Those who challenge a zoning ordinance's constitutionality must overcome its presumed validity. *Caste v. Zoning Hearing Board of Whitehall Borough,* 70 Pa. Commonwealth Ct. 368, 453 A.2d 69 (1982); *Benham v. Board of Supervisors of Middletown Township,* 22 Pa. Commonwealth Ct. 245, 349 A.2d 484 (1975). *De facto* exclusion of a legitimate use[3] is established where an ordinance appears to permit the use but imposes unreasonable restrictions which, when applied, effectively prohibit the use throughout the municipality. *Farrell Appeal,* 85 Pa. Commonwealth Ct. 163, 481 A.2d 986 (1984); *Meyers v. Board of Supervisors of Lower Makefield Township,* 38 Pa. Commonwealth Ct. 578, 394 A.2d 669 (1978); *Benham.*

Edgewood's borough manager testified at the Board hearing that the D-7 Zone contemplated development of the entire site as a unified whole[4] and required a contiguous area of land not less than thirty acres. Upon further

---

[2] Whether an ordinance is exclusionary is a question of law. *Cracas v. Board of Supervisors of West Pikeland Township,* 89 Pa. Commonwealth Ct. 424, 492 A.2d 798 (1985).

[3] Restaurants customarily constitute legitimate business uses. *Borough Council of Churchill Borough v. Pagal, Inc.,* 74 Pa. Commonwealth Ct. 601, 604 n.3, 460 A.2d 1214, 1217 n.3 (1983).

[4] *See also* Section 2.100 of the Ordinance which defines "Planned Development" as "[a] site of minimum specified acreage developed as a single entity." Moreover, Ordinance No. 862 states that "[the] entire area designated as a PC Planned Commercial Development District shall be planned and developed as a unit. ..." Section 7.701 of the ordinance.

questioning, the borough manager testified that only one parcel existed in Edgewood capable of satisfying the thirty-acre minimum requirement; that this single parcel carried a past sales price of five million dollars; and that without a thirty-acre tract, a restaurant could not be established in any zoning district as a result of Ordinance Nos. 862 and 863. N.T., pp. 37-38, 45, 49-51. This testimony sufficiently demonstrates that Ordinance Nos. 862 and 863, as applied, operate to exclude restaurants. Lamanti thus overcame the Ordinance's presumed constitutionality[5] and the burden shifted to Edgewood to establish that Ordinance Nos. 862 and 863 bore a substantial relationship to the public health, safety and welfare. *See Meyers.* Because the record is devoid of any justification for this exclusion, Edgewood failed to sustain its burden.

Edgewood nonetheless contends that Lamanti is not entitled to reinstatement of the revoked building permit since Lamanti cannot comply with either the Ordinance's previous or present parking provisions, which provisions have not been challenged as unreasonable. It is true that the invalidity here extends only to those Ordinance provisions which imposed the unreasonable restrictions, thereby effecting the unconstitutional exclusion of restaurants throughout Edgewood. Other provisions of the Ordinance which regulate this use in ways not challenged

---

[5] *See* and *Contrast Farrell Appeal.* Moreover, the mere potential for a restaurant to participate as a unit of a comprehensive development project is not a sufficient basis upon which to find the ordinance constitutional. *See* and *Compare Borough Council of Churchill Borough v. Pagal, Inc.,* 74 Pa. Commonwealth Ct. 601, 605, 460 A.2d 1214, 1217 (1983) where this Court stated as dicta that "[e]ven if the merits were reached, however, we would not agree that the potential for a restaurant to append itself to one of the few principal uses which are permitted in the Borough provides a sufficient basis to conclude that the ordinance is not exclusionary."

by Lamanti are still operative. *See Greenwood Township v. Kefo, Inc.*, 52 Pa. Commonwealth Ct. 367, 416 A.2d 583 (1980); *Meyers*. Although Lamanti is entitled to pursue its restaurant use, such pursuit thus remains subject to any ancillary parking provisions imposed by the Ordinance. *See Cracas v. Board of Supervisors of West Pikeland Township*, 89 Pa. Commonwealth Ct. 424, 492 A.2d 798 (1985).

Contrary to Edgewood's assertions, the parking provisions in Ordinance No. 862 relate to the D-7 Zone and therefore are not applicable to Lamanti's proposed D-6 Zone use. Moreover, the parking provisions attached to former D-6 Zone permissible uses, which included Lamanti's restaurant, were deleted by Ordinance No. 863 and cannot now be resurrected to preclude Lamanti's proposed D-6 Zone use.

Examination of the Ordinance, however, discloses that a general parking provision applicable to all commercial establishments remained unaffected by Ordinance Nos. 862 and 863. This provision requires a minimum of three off-street parking spaces. Testimony of record sufficiently establishes that six automobiles can be parked in an area the size of that attached to Lamanti's proposed site. Findings of Fact No. 16; N.T., pp. 65-66, 75-76.[6] Accordingly, the trial court did not err in directing Edgewood to issue a building permit to Lamanti.[7]

Having found that the Board erred as a matter of law, the trial court's decision is therefore affirmed.

---

[6] Because Lamanti would share the proposed parking area with a barber, six parking spaces would be required by the Ordinance.

[7] *See* Section 1011(2) of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §11011(2), which governs the relief to be accorded by the trial court when an ordinance is unlawful.

ORDER

AND NOW, this 21st day of March, 1989, the decision of the Court of Common Pleas of Allegheny County is affirmed.