**OMNIPOINT COMMUNICATIONS ENTERPRISES, L.P.,**
Plaintiff,

v.

**ZONING HEARING BOARD OF EASTTOWN TOWNSHIP,**
Defendant.

**CIVIL ACTION NO. 99–2080.**

United States District Court,
E.D. Pennsylvania.

Nov. 2, 1999.

Christopher H. Schubert, Riley, Riper, Hollin & Colagreco, Paoli, PA, for Plaintiffs.

Jennifer L. Holsten, Holsten and Associates, Media, PA, for Defendants.

## MEMORANDUM AND ORDER

KATZ, Senior District Judge.

Omnipoint Communications Enterprises, L.P. ("Omnipoint") seeks to place a 110–foot communications tower in Easttown Township. At the time of its application to the Township's Zoning Hearing Board ("ZHB"), such a structure was not permitted under the Township's zoning ordinance at the site selected by Omnipoint. The ZHB denied Omnipoint's application, which challenged the validity of the zoning ordinance or, in the alternative, sought several variances. Omnipoint then filed suit in this court, pursuant to the Telecommunications Act of 1996 ("TCA"), 47 U.S.C. § 332(c)(7)(B)(v), challenging that decision. Now before the court are the parties' cross motions for summary judgment.

## I. Background

Omnipoint is a provider of telephone wireless communications services that use digital technology.[1] Omnipoint entered

1. In Omnipoint's system, a low power radio signal is transmitted between a portable telephone and an Omnipoint antenna. The antenna then feeds the radio signal to an elec-

into a lease with the Or Shalom Synagogue, located at 835 Darby Paoli Road (Route 252), in Easttown Township, to place a communications tower and supporting equipment on the synagogue's property. The tower that Omnipoint proposes utilizes what it terms "stealth" technology. The tower would be a single pole, approximately twenty-four inches at the base and tapering to sixteen inches at the top. Omnipoint's antennas would be located within the cylinder of the tower, rather than attached to the exterior of the structure. See Pl.Ex. 5 at 6 (Findings, Mem. and Order, App. No. 331, March 17, 1999) ("ZHB Order").

According to Omnipoint, the tower is necessary because of a "gap" in its wireless service along Route 252. The synagogue is located in an area zoned as AA residential; under the Township's zoning ordinance, a communications tower is not a permissible use in such a district.[2] See Pl.Ex. 6 at 8 (Easttown Township Ord. No. 160–80, art. III (1980)). In addition, in an AA residential area, no structure may be higher than thirty-five feet. See id. at 9.

Omnipoint submitted an application to the ZHB in which it alleged that the Township's ordinance prohibited or effectively prohibited wireless services in violation of the TCA. It also charged that the ordinance was invalid under Pennsylvania law. In the alternative, Omnipoint requested a number of variances from the ordinance, including use and height variances. See Def. Ex. C (Application of Omnipoint).

The ZHB held three public hearings regarding Omnipoint's application—on September 16, 1998, October 28, 1998, and January 11, 1999—and issued a detailed written decision denying the application on March 17, 1999. The ZHB found that the ordinance was valid under both Pennsylvania and federal law.

## II. Discussion

Omnipoint raises several grounds for a ruling in its favor in its motion for summary judgment. First, it argues that the Board's decision violated the TCA. Second, it argues that the decision violated applicable state law. Finally, it alleges a civil rights violation under section 1983. It requests that the court reverse the decision of the ZHB and issue a writ of mandamus ordering the ZHB to grant Omnipoint's application. The ZHB, in turn, requests summary judgment on these points and asks the court to uphold its decision.

### A. The Telecommunications Act

The TCA was enacted, in part, to balance the need to establish a national network of wireless communications facilities with preservation of local authority over zoning decisions. See Omnipoint Corp. v. Zoning Hearing Bd. of Pine Grove Township, 181 F.3d 403, 406–07 (3d Cir.1999). To that end, the TCA provides limited grounds for appeal to a federal district court from an adverse zoning decision regarding the siting of a telecommunications facility. See 47 U.S.C. § 332(c)(7); Pine Grove, 181 F.3d at 406–07. The TCA requires that a decision denying a request to place or modify a personal wireless services facility be "in writing and supported by substantial evidence." 47 U.S.C. § 332(c)(7)(B)(iii). Substantively, the TCA mandates, inter alia, that a state or local government's regulation of such services shall not "prohibit or have the effect of

---

tronic device located nearby, which connects the signal to an ordinary telephone line and then routes it anywhere in the world. The combination of antenna and equipment is known as a "cell site." Because of the low radio signal used by Omnipoint, the range of a cell site is relatively small. According to Omnipoint, in Easttown Township, the maximum coverage of a cell site is two miles.

**2.** At the time of Omnipoint's application, the ordinance did not specifically provide for communications towers. The Township has amended its ordinance to allow cellular communications facilities as a conditional use in business and multi-family conditional use districts. See ZHB Order at 3.

prohibiting the provision of personal wireless services." 47 U.S.C. § 337(c)(7)(B)(i)(II).

According to Omnipoint, the ZHB's decision was not supported by substantial evidence in violation of section 332(c)(7)(B)(iii). Omnipoint also contends that the Township's zoning ordinance and the ZHB's denial of its application have the effect of prohibiting telecommunications services in violation of section 332(c)(7)(B)(i)(II) of the TCA.[3]

### 1. Substantial Evidence

The ZHB's decision upholding the validity of the zoning ordinance was not supported by substantial evidence. This standard of review of a local authority's zoning decision under the TCA is "the same standard applied to federal administrative decisions." *Pine Grove*, 181 F.3d at 408 (citations omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citations and punctuation marks omitted). In evaluating a zoning decision, a court views the entire record and takes into account evidence unfavorable to the agency. *See id.*

Section 332(c)(7)(B)(iii) is not intended to supplant the substantive standards to be applied under state or local law. *See id.* at 408 n. 4 (applying state and local law in deciding whether the ZHB's decision was supported by substantial evidence); *Cellular Telephone Co. v. Zoning Bd. of Adjustment of Borough of Ho–Ho–Kus*, 24 F.Supp.2d, 359, 365

(D.N.J.1998). However, a decision is reviewed under the substantial evidence test, regardless of what evidentiary burden is mandated by state law. *See Pine Grove*, 181 F.3d at 408 n. 5 (rejecting argument that defendants did not meet the burden required by state law and reviewing decision under substantial evidence standard).

In Pennsylvania, a zoning ordinance is presumed valid, and a party challenging one has the burden of establishing its invalidity. *See Schubach v. Silver*, 461 Pa. 366, 336 A.2d 328, 335 (1975). Challenges to an ordinance are reviewed under a substantial due process analysis: a restriction on the use of land is a valid exercise of a locality's police power when it promotes public health, safety, and welfare and is substantially related to the purpose it purports to serve. *See Kirk v. Zoning Hearing Bd. of Honey Brook*, 713 A.2d 1226, 1229 (Pa.Commw.1998). When faced with a challenge to the validity of its ordinance, Pennsylvania law dictates that a zoning board is to consider, among other factors, the impact of a proposal on "the preservation of agricultural and other land uses which are essential to the public health and welfare." 53 P.S. § 10916.1(a)(5)(v). Zoning decisions based solely on aesthetic reasons are not a legitimate exercise of a locality's power to protect the general welfare; decisions which link aesthetics and property values, however, are acceptable. *See Berk v. Wilkinsburg Zoning Hearing Bd.*, 48 Pa. Cmwlth. 496, 410 A.2d 904, 906 (Pa.1980); *Berman v. Board of Comm'rs of Lower*

---

**3.** In its complaint, Omnipoint also alleges that the ZHB's decision violated section 332(c)(7)(B)(i)(I) of the TCA, which prohibits unreasonable discrimination against "providers of functionally equivalent services." *Id.* While Omnipoint does not develop this contention in its motion for summary judgment, the court will address it briefly. As the statute states, the TCA does not prohibit all discrimination against providers, only that which is unreasonable. *See AT & T Wireless PCS v. City Council of Virginia Beach*, 155 F.3d 423, 427 (4th Cir.1998). Permitting the erection of a communications tower in a busi-

ness district does not mean that a zoning authority must then allow a similar tower in a residential district. *See Sprint Spectrum L.P. v. Willoth*, 176 F.3d 630, 639 (2d Cir.1999) (citation omitted). It is undisputed that the two communications towers that existed in the Township at the time of Omnipoint's application were located in areas zoned for business rather than residential use. *See* Pl.Ex. 3 at 347 (ZHB Hearing of Jan. 11, 1999). Omnipoint has not advanced any evidence of discrimination, unreasonable or otherwise, by the ZHB. Therefore, the court finds that the ZHB did not violate section 332(c)(7)(B)(i)(I).

*Merion Township,* 147 Pa.Cmwlth. 405, 608 A.2d 585, 590 (Pa.Commw.1992); *White Advertising Metro v. Zoning Hearing Bd. of Susquehanna Township,* 70 Pa. Cmwlth. 308, 453 A.2d 29, 35 (Pa. Commw.1982).

Omnipoint presented evidence that its proposed use would not be detrimental to the health, safety, and general welfare of the Township. An Omnipoint expert testified that the tower was structurally sound and would not pose a threat to safety. *See* Pl.Ex. 1 at 46-51 (ZHB Hearing of Sept. 16, 1998). Although the TCA forecloses a zoning board from considering the health effects of a wireless facilities radio emissions in its decision, *see* 47 U.S.C. § 332(c)(7)(B)(iv), Omnipoint also presented expert testimony that the radio signals from the tower would not pose any threat to the health and safety of the community. *See* Pl.Ex. 2 at 231-34 (ZHB Hearing of Oct. 28, 1998). One of Omnipoint's witness testified that the communications facilities would be unmanned, would not need any water or sewer connections, and would only require monthly maintenance visits. *See* Pl.Ex. 1 at 27-28. A professional land planner testified that the proposed tower would be a use consistent with the surrounding neighborhood and would not affect the area's residential character. *See* Pl.Ex. 3 at 276-77 (ZHB Hearing of Jan. 11, 1999).

In rejecting Omnipoint's challenge to the ordinance, the ZHB relied only on aesthetic considerations. The ZHB found that the tower would create "significant aesthetic and compatibility issues within the Township's AA residential district, where the proposed use was not permitted." ZHB Order at 9. The ZHB found credible the "concerns of the Township citizenry as to the blight of a tower, higher than any surrounding tree or structures, looming over residential communities." *See id.* at 5; *accord* Pl.Ex. 3 at 243, 321-23 (comments by Township residents regarding the visual effect of the tower on the neighborhood). The Board dismissed the testi-

mony of Omnipoint's land planning expert that the tower would not negatively affect the neighborhood. In so doing, Board relied upon the fact that the expert did not view the proposed site from the surrounding properties and his admission that, at 110 feet, the proposed tower was taller than those usually found in residential districts. *See* ZHB Order at 5.

The ZHB, as a finder of fact, may weigh the credibility of the testimony and evidence before it. However, its decision that the ordinance validly prohibited a communications tower in AA residential districts was based solely on the negative aesthetic impact of the tower. The ZHB did not make any findings that the tower would affect the health, safety, or general welfare of the Township in any manner other than that of aesthetics. Such a finding is not sufficient to uphold the validity of the ordinance.

The evidence supporting the ZHB's conclusion was also not substantial since the only counter to Omnipoint's land planning expert regarding the effect of the tower was the general concerns voiced by the Township's residents. A few speculative concerns regarding aesthetics and property values do not amount to substantial evidence. *See Pine Grove,* 181 F.3d at 409 (holding that the general assertions of neighbors that the tower would be visible above the tree line and would damage property values did not constitute substantial evidence). Even if the testimony of Omnipoint's expert is discounted, the evidence before the Board regarding the negative visual effect of the tower amounted to " 'a few generalized expressions of concern with "aesthetics" [which] cannot serve as substantial evidence.' " *Pine Grove,* 181 F.3d at 409 (quoting *Cellular Telephone Co. v. Town of Oyster Bay,* 166 F.3d 490, 496 (2d Cir.1999)). Such comments are not sufficient to sustain the ZHB's decision under the TCA.

### 2. Prohibiting Service

Because the court finds that the Township has violated the TCA in that its deci-

sion was not supported by substantial evidence, it is unnecessary to determine whether the Township or the Board prohibited or had the effect of prohibiting wireless services in violation of section 337(c)(7)(B)(i)(II) of the TCA.

### B. State Law Claims

Because the court finds that the ZHB violated the TCA, it does not rule on Omnipoint's separate claim that the Board's decision violated state law.

### C. Civil Rights Act

█ The Board's violation of the TCA does not give rise to a cause of action under section 1983. The TCA's remedial scheme is "sufficiently comprehensive to infer Congressional intent to foreclose a § 1983 remedy." *Omnipoint v. Newtown Township,* Civ. A. No. 98–5171, 1999 WL 269936, at *7–10 (E.D.Pa. Apr. 29, 1999); *but see Omnipoint v. Zoning Hearing Bd. of Chadd's Ford Township,* Civ. A. No. 98–3299, 1998 WL 764762, at *4–10 (E.D.Pa. Oct. 28, 1998) (holding that a section 1983 cause of action is available); *Cellco Partnership v. Hess,* Civ. A. No. 98–3985, 1999 WL 178364, at *5–8 (E.D.Pa. March 30, 1999) (holding same).

█ Omnipoint's claim for section 1983 relief for a violation of substantive due process is also denied. Such relief is available where a board's decision was motivated by "bias, bad faith, improper motive, racial animus, or the existence of partisan political or personal reasons," *Midnight Sessions, Ltd. v. City of Philadelphia,* 945 F.2d 667, 683 (3d Cir.1991), or the decision is arbitrary and capricious. *See Neiderhiser v. Borough of Berwick,* 840 F.2d 213, 217–18 (3d Cir.1988). Omnipoint argues that because its decision was not supported by substantial evidence, the Board acted in an arbitrary and capricious manner. While the ZHB accorded too much weight to the visual impact of the tower, such an error does not render its actions arbitrary and capricious. *See Omnipoint v. Penn Forest Township,* 42 F.Supp.2d

493, 508 (M.D.Pa.1999) (rejecting argument that a decision not based on substantial evidence violates substantive due process).

### III. Conclusion

The court finds that the ZHB's denial of Omnipoint's application was not supported by substantial evidence in violation of section 332(c)(7)(B)(iii) the TCA; therefore, it does not rule on the question of whether section 332(c)(7)(B)(i)(II) or Pennsylvania law has been violated as well. Omnipoint's claim for relief under section 1983 is denied.

An appropriate order follows.

### *ORDER*

**AND NOW,** this 2nd day of November, 1999, after consideration of the parties' cross motions for summary judgment and the responses thereto, and after a hearing, it is hereby **ORDERED** that:

1. Plaintiff's motion is **GRANTED** in so far as it argues that Defendant's decision denying Plaintiff's application was not supported by substantial evidence. Pursuant to this court's authority under 47 U.S.C. § 332(c)(7)(B)(v), Plaintiff's request for a Writ of Mandamus is hereby **GRANTED.** Defendant is **ORDERED** to grant the application submitted by Plaintiff to the Defendant regarding the installation of a telecommunications facility at 835 Darby–Paoli Road, Berwyn, Pennsylvania, and to issue the appropriate permits within ten (10) days.

2. Plaintiff's request for attorney's fees under 42 U.S.C. § 1983 is hereby **DENIED.** Defendant's motion for summary judgment on this point is **GRANTED.**

3. Defendant's motion for summary judgment is **DENIED** except as to

arguments pertaining to 42 U.S.C. § 1983;