**Opinions of the United States Court of Appeals for the Third Circuit**



4-25-2001

# Omnipoint Comm. Enterprises v. Zoning Hearing Board Easttown

Precedential or Non-Precedential:

Docket 99-1932

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2001

Recommended Citation

"Omnipoint Comm. Enterprises v. Zoning Hearing Board Easttown" (2001). *2001 Decisions.* Paper 91.
http://digitalcommons.law.villanova.edu/thirdcircuit_2001/91

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2001 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed April 25, 2001

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NOS. 99-1932 and 99-1990

OMNIPOINT COMMUNICATIONS ENTERPRISES, L.P .
Appellant in No. 99-1990

v.

ZONING HEARING BOARD OF EASTTOWN TOWNSHIP;
TOWNSHIP OF EASTON
Appellants in No. 99-1932

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civil Action No. 99-cv-02080)
District Judge: Honorable Marvin Katz

Argued November 7, 2000

BEFORE: ROTH, RENDELL and STAPLETON,
Circuit Judges

(Opinion Filed April 25, 2001)

John S. Halsted
Andrew D.H. Rau (Argued)
Gawthrop, Greenwood & Halsted
119 North High Street
West Chester, PA 19381
 and
Paola T. Kaczynski (Argued)
Holsten & Associates
One Olive Street
Media, PA 19063
 Attorneys for Appellants/Cross
Appellees

            James C. Dalton
            Riley, Riper, Hollin & Colagreco
            240 Daylesford Plaza
            P.O. Box 568
            Paoli, PA 19301
             and
            Christopher H. Schubert (Argued)
            Riley, Riper, Hollin & Colagrego
            717 Constitution Drive
            Exton, PA 19341
             Attorneys for Appellee/Cross
            Appellant

OPINION OF THE COURT

STAPLETON, Circuit Judge:

The Zoning Hearing Board ("ZHB") of Easttown Township ("Township") appeals the District Court's order directing it to allow Omnipoint Communications Enterprises, L.P . ("Omnipoint") to erect a telecommunications tower at a designated site within the Township. The ZHB contends that the District Court erred in finding that the ZHB's decision denying Omnipoint's application was not supported by substantial evidence as requir ed by the Telecommunications Act of 1996 ("TCA"), 47 U.S.C. S 332(c)(7)(B)(iii). Omnipoint argues that the District Court was correct on that score and cross-appeals the District Court's decision denying it damages and attor neys' fees under the Civil Rights Act, 42 U.S.C. S 1983. We conclude that the District Court erred in its analysis of the relevant state law. Accordingly, we will reverse its order and remand for proceedings consistent with this opinion.

I.

Omnipoint, a wireless Personal Communications Service ("PCS") provider, entered into a lease with the Or Shalom Synagogue ("Synagogue"), located in Easttown T ownship, to erect and operate a communications tower on a portion of its property. The proposed white fibr eglass tower was to be

2

approximately 110 feet tall, with a diameter of 24 inches at its base and tapering to 16 inches at the top. Omnipoint planned to enclose the base of the tower in a 30-foot by 30-foot structure and surround it with an eight-foot tall chain-link fence topped with barbed wire. To r educe the aesthetic impact of the tower, Omnipoint suggested using it as a flagpole, though it conceded that the tower would be taller and wider than a normal flagpole.

Because the Synagogue property was located in a district zoned AA-residential and the Township's zoning ordinance imposed a height limitation of 35 feet in such ar eas, Omnipoint submitted an application to the ZHB for a use variance in order to erect its tower . See 53 P.S. S 10910.2. In the alternative, Omnipoint also submitted a challenge to the validity of the ordinance under the Pennsylvania Constitution and the TCA. See 53 P.S.S 10916.1. Omnipoint alleged that the ordinance was invalid under the Pennsylvania Constitution because it excluded wir eless facilities and under the TCA because it had the ef fect of prohibiting wireless service.

The ZHB held public hearings on three separate dates over the course of several months to discuss Omnipoint's application. At these hearings, Omnipoint contended that the tower was necessary to fill a "gap" in its service in the southern portion of the Township and of fered the testimony of several expert witnesses in support of its application. The Township, on the other hand, called only one witness, its Manager, who testified that the challenged ordinance was not exclusionary because it had been interpr eted to permit special exceptions for cellular facilities in certain areas of the Township, such as the B-business districts.1 Numerous Township residents also attended the hearings and expressed their opposition to the siting of the tower, largely on the basis that it would be an eyesore in the residential community in which it was to be situated.

At the conclusion of the hearings, the ZHB denied Omnipoint's application, stating its decision orally at one of its meetings and issuing a 10-page statement offindings

_____

1. The ordinance has since been amended to explicitly permit personal wireless service facilities in selected ar eas of the Township.

and conclusions on a later date. With r egard to the use variance request, the ZHB found that local zoning law places a high burden on the applicant to demonstrate why a variance is necessary and that Omnipoint had failed to do so.2 With regar d to the validity challenge under state law, the ZHB found that the ordinance had been interpreted "to allow cellular/PCS facilities in certain appr opriate zoning districts" within the Township and that, in fact, there were "several cellular or PCS towers or sites operating within the Township borders" and in contiguous ar eas (A. 30–31). As a result, the ordinance could not be said to be exclusionary. The ZHB also observed that the T ownship's justification for the challenged ordinance--namely, "preservation of the residential natur e of the AA residential districts"--falls "within the traditional purposes of zoning regulation, and enforcement of zoning r egulations is not negated by the Telecommunications Act of 1996 or [by Pennsylvania law]" (A. 26, 30). Finally, the ZHB rejected the challenge under the TCA, concluding that the or dinance did not effectively prohibit wireless service.

In the District Court, Omnipoint did not challenge the ZHB's conclusion that it had failed to justify a use variance.3 It did, however, continue to argue that the ordinance was unconstitutional because it was exclusionary. Omnipoint further insisted that the ZHB's decision upholding the validity of the zoning ordinance was violative of the TCA because it was not supported by substantial evidence, 47

_____

2. Under Pennsylvania law, one seeking a use variance must show that the zoning restriction "inflicts unnecessary hardship on the applicant," and (1) that there are unique physical cir cumstances or conditions peculiar to the property that create the hardship, (2) that because of these circumstances or conditions, ther e is no possibility that the property can be developed in conformity with the zoning ordinance, (3) that the applicant did not create the unnecessary hardship, (4) that the variance, if granted, would not alter the essential character of the area, and (5) that the variance, if granted, would r epresent the least modification possible to the regulation at issue. 53 P.S. S 10910.2.

3. It is undisputed that there are no"unique physical circumstances or conditions peculiar to the property [such that] there is no possibility [of]
the property [being] developed in confor mity with the zoning ordinance." 53 P.S. S 10910.2.

4

U.S.C. S 332(c)(7)(B)(iii), and because it had the effect of prohibiting wireless service. 47 U.S.C.S 332(c)(7)(B)(i)(II). Finally, Omnipoint sought damages and attorneys' fees under the Civil Rights Act, 42 U.S.C. S 1983.

The District Court granted summary judgment in favor of Omnipoint and ordered the ZHB to grant Omnipoint's application. It found that the ZHB's decision was"based solely on the negative aesthetic impact of the tower" and "did not make any findings that the tower would affect the health, safety, or general welfare of the T ownship in any manner other than that of aesthetics." Omnipoint Communications Enterprises, L.P. v. Zoning Hearing Board of Easttown Township, 72 F. Supp. 2d 512, 516 (E.D. Pa. 2000). The Court further concluded as a matter of Pennsylvania law that aesthetic concerns alone were "not sufficient to uphold the validity of the or dinance." Id. Since the Court found there was no evidence other than of negative aesthetic impact to support the ordinance, it held that the ZHB's decision violated the substantial evidence requirement of the TCA.4

Having found the ordinance unconstitutional on this ground, the District Court deemed it unnecessary to address whether Omnipoint had shown the or dinance to be impermissibly exclusionary under Pennsylvania law or

_____

4. The Court also expressed the view that the "general concerns voiced by the Township residents" would not constitute "substantial evidence" under the TCA even if a restriction on land use could be supported by aesthetic considerations alone under Pennsylvania law. However, as we demonstrate in the text, infra, Slip. Op. at 6-7, the validity of the ordinance under the Pennsylvania Constitution is not an issue that turns on adjudicative facts that requir e substantial record support under the TCA. The Township's zoning ordinance limiting the district to residential uses and imposing a 35 foot height restriction represents a legislative judgment about land use planning. If there are legislative facts
that the decision makers could have viewed as supporting their judgment, record evidence is not r equired under the TCA. See APT Pittsburgh Ltd. v. Penn Township, Butler County, 196 F.3d 469, 475 (3d Cir. 1999). As we also point out, infra , Slip Op. at 10-11, this is not a case like Omnipoint Corp. v. Zoning Hearing Boar d of Pine Grove Township, 181 F.3d 403 (3d Cir. 1999), where we were called upon to review a zoning board's denial of an application for a special exception."

whether the ZHB's decision was in violation of subsection 332(c)(7)(B)(i)(II) of the TCA because it had the ef fect of prohibiting wireless services. See id.  at 516-17. With regard to Omnipoint's civil rights claims based on the TCA violation, the Court found that the TCA's remedial scheme is "sufficiently comprehensive to infer Congressional intent to foreclose a S 1983 remedy." Id. at 517 (quoting Omnipoint v. Newtown Township, No. 98-5171, 1999 WL 269936, at *7-10 (E.D. Pa. Apr. 29, 1999)). The Court also concluded that Omnipoint's claim for section 1983 relief under a substantive due process analysis failed because it found no evidence of an improper motive and because the ZHB's decision was neither arbitrary nor capricious. Id.

II.

Subsection 332(c)(7)(B)(iii) of the TCA requir es that "[a]ny decision by a State or local government or instrumentality thereof to deny a request to place, construct, or modify personal wireless service facilities shall be in writing and supported by substantial evidence contained in a written record." Substantial evidence is a legal term of art. It "does not mean a large or considerable amount of evidence, `but rather such evidence as a reasonable mind might accept as adequate to support a conclusion.' " Pier ce v. Underwood, 487 U.S. 552, 565 (1988) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). A court r eviewing under the substantial evidence standard "is not to weigh the evidence contained in that record or substitute its own conclusions for those of the fact finder," but rather is to "determine whether there is substantial evidence in the record as a whole to support the challenged decision." AT&T Wireless v. Zoning Boar d of Adjustment of the Borough of Ho-Ho-Kus, 197 F.3d 64, 71 (3d Cir . 1999).

The District Court in this case correctly observed that "[s]ection 332(c)(7)(B)(iii) is not intended to supplant the substantive standards to be applied under state or local law." Easttown, 72 F. Supp. 2d at 515; see also Omnipoint Communications Enterprises, L.P. v. Zoning Hearing Board of Pine Grove Township, 181 F.3d 403, 408 (3d Cir. 1999); APT Pittsburgh Ltd. v. Penn Township, Butler County, 196 F.3d 469, 475 (3d Cir. 1999). Accordingly, the first step for the

court in a case in which the provider of wir eless services is relying on state or local law is to identify the relevant issues under that law. If those issues requirefindings of adjudicative fact, the local authority's resolution of those factual issues must be supported by substantial evidence. Otherwise, any conclusion based on those findings violates subsection 332(c)(7)(B)(iii) and cannot stand.

Thus, as we pointed out in Penn Township :

> [i]t . . . seems apparent that subsection 332(c)(7)(B)(iii) is intended to provide procedural pr otections with respect to the determination of factual issues made by a state or local authority in the course of applying state and local zoning law. . . . By contrast, it also seems apparent that subsection 332(c)(7)(B)(iii) is not intended to apply to decisions that are not to be made solely on the basis of the factual recor d before the agency and that are not to be the subject of deferential substantial evidence review.
>
> . . .
>
> A decision on the "exclusivity" of a zoning or dinance under the Pennsylvania Constitution is a legal issue that is not subject to deferential judicial r eview. See Borough of Edgewood v. Lamanti's Pizzaria, 556 A.2d 22 (Pa. Commw. Ct. 1989). While such decisions may involve some consideration of legislative facts, the evidence to be considered is not limited to the facts of the particular applicant's case and is not necessarily limited to the record compiled by the local authority.

Id. at 474-75.

As we have noted, Omnipoint did rely on state law before the ZHB. It insisted that the ordinance barring it from erecting its tower was invalid under the Pennsylvania Constitution because it excluded wireless service towers. The law applicable to this kind of claim is well settled. Zoning ordinances in Pennsylvania enjoy a pr esumption of constitutionality and validity, and the party challenging one bears the "heavy burden" of proving otherwise. See Penn Township, 196 F.3d at 475 (quoting Benham v. Board of Supervisors of Middletown Township, 349 A.2d 484, 487

7

(Pa. Commw. Ct. 1975)); see also Schubach v. Silver, 336 A.2d 328, 335 (Pa. 1975); Beaver Gasoline Co. v. Zoning Hearing Board of the Borough of Osbor ne, 285 A.2d 501, 503–04 (Pa. 1971) ("the validity of a zoning or dinance is presumed and . . . the burden of establishing its invalidity is upon the party who seeks to have it declar ed invalid").

In order to overcome this presumption of constitutionality, the challenger must demonstrate that "the ordinance totally excludes an otherwise legitimate use." Ferrell v. Worchester Township Board of Supervisors, 481 A.2d 986, 989 (Pa. Commw. Ct. 1984). "Unless the challenger demonstrates that the ordinance in question completely or effectively excludes a legitimate use, . . . the challenger has failed to carry its burden . . .." Ficco v. Board of Supervisors of Hempfield Township, 677 A.2d 897, 899 (Pa. Commw. Ct. 1996) (citing BAC, Inc. v. Board of Supervisors of Millcreek Township, 633 A.2d 144 (Pa. 1993)); Overstreet v. Zoning Hearing Boar d of Schuylkill Township, 618 A.2d 1108 (Pa. Commw. Ct. 1992). To prove total or effective exclusion of a permitted use, the challenger can show that the ordinance is either de jure or de facto exclusionary:

> De jure exclusion exists where an or dinance, on its face, totally bans a legitimate use. De facto exclusion exists where an ordinance permits a use on its face, but when applied acts to prohibit the use thr oughout the municipality.

Penn Township, 196 F.3d at 475 (internal quotations and citations omitted).

If the challenger is able to establish that the or dinance excludes the use in question, the burden then shifts to the state or locality "to demonstrate that the zoning ordinance `[b]ears a substantial relationship to public health, safety, and welfare.' " Id. (quoting Borough of Edgewood v. Lamanti's Pizzeria, 556 A.2d 22, 24 (Pa. Commw. Ct. 1989)); 53 P.S. S 10916.1(a)(5)(i)-(v); see also Fernley v. Board of Supervisors of Schuylkill Township, 502 A.2d 585, 587 (Pa. 1985) ("Where the challenger pr oves a total prohibition of a legitimate use, the bur den shifts to the municipality to establish that the prohibition promotes

8

public health, safety, morals and general welfar e.") (citing Beaver Gasoline, 285 A.2d at 503); Ellick v. Board of Supervisors, 333 A.2d 239, 243-44 (Pa. Commw. Ct. 1975).

The District Court did not apply these state authorities. As we have noted, it expressed no view with r egard to the ZHB's conclusion that Omnipoint had failed to show that the ordinance was exclusionary. Rather, it held that the ordinance restricting the AA-residential district to residential and related uses and to structures no higher than 35 feet was unconstitutional because zoning "based solely on aesthetic reasons [is] not a legitimate exercise of a locality's power to protect the general welfare." Easttown, 72 F. Supp. 2d at 515.

We hold that the District Court's conclusion is contrary to Pennsylvania law. Residential districts with 35 foot high restrictions are, of course, a common feature of virtually all municipal zoning ordinances. See 2 Anderson, American Law of Zoning (4th ed. 1996) S 39.55 ("The most common provisions limit buildings in single family r esidential districts to . . . a height not in excess of 35 feet."). While such reasonable height restrictions have been justified on grounds other than aesthetics, see id., we are confident that the Supreme Court of Pennsylvania would sustain them as a reasonable means of maintaining the r esidential character of the neighborhood. Pennsylvania courts have repeatedly held that aesthetic considerations promote the general welfare and thus are sufficient to justify the exercise of a locality's police power to establish zoning ordinances. See e.g. Appeal of Girsch, 263 A.2d 395, 399 (Pa. 1970) ("Certainly, [a municipality] may protect its attractive character by requiring apartments to be built in accordance with (reasonable) set-back, open space, height, and other light-and-air requirements. . . ."); Best v. Zoning Board of Adjustment of the City of Pittsbur gh, 141 A.2d 606, 612 (Pa. 1958) ("If the legislature has the power to compel a property owner to submit to a forced sale for the purposes of creating an attractive community, it has the power to regulate his property for such objectives."); Board of Supervisors of Thampton Township v. Gentsch , 414 A.2d 1102, 1105 (Pa. Commw. Ct. 1980) (stating that "a

9

municipality can protect its attractive character by imposing reasonable height restrictions").5

In arriving at the conclusion that zoning decisions based on aesthetics are not a legitimate exer cise of a locality's police power, the District Court erroneously relied on cases in which Pennsylvania courts have requir ed "extraordinary justification" to overcome a presumption that restrictions on residential lot sizes or other attempts to"establish residential enclaves by excluding population gr owth" constitute exclusionary zoning and are unduly r estrictive of property rights. Surrick v. Zoning Boar d of Upper Providence Township, 382 A.2d 105, 108 (Pa. 1978). See Kirk v. Zoning Hearing Board of Honey Brook, 713 A.2d 1226, 1229 (Pa. Commw. Ct. 1998); Berman v. Board of Commissioners, Township of Lower Merion, 608 A.2d 585 (Pa. Commw. Ct. 1992). It is true that when such restrictions are at issue, Pennsylvania courts have held that they "may not be sustained solely on the basis of aesthetics alone." Berman, 608 A.2d at 590 (quoting National Land Investment Co. v. Easttown Board of Adjustment, 215 A.2d 597, 610 n.29 (Pa. 1965)). But this is not the type of ordinance at issue here, and thus the Court's reliance on these cases is misplaced.

The District Court also erroneously relied upon our decision in Pine Grove, 181 F .3d 403, for the proposition that the aesthetic concerns expressed in this case about the proposed tower do not meet the evidentiary standard required by the TCA. See 47 U.S.C.S 332(c)(7)(B)(iii). There, we held that "a few generalized expressions of concern with `aesthetics' cannot serve as substantial evidence" to support the denial of a special exception. Id.  at 409 (citing Cellular Telephone Company v. Town of Oyster Bay , 166 F.3d 490,

_____

5. We recognize that the issue we her e resolve is not a federal TCA issue.
As we pointed out in Penn Township, state constitutional law issues of this kind do not come within the scope of the "substantial evidence" provision of subsection 332(c)(7)(B)(iii). This means that our jurisdiction
to resolve it and that of the District Court emanates from 28 U.S.C. S 1367(a) (conferring supplemental jurisdiction to entertain a state law claim forming part of the same case or contr oversy). See Omnipoint v. Warrington Township, 63 F. Supp. 2d 658 (E.D. Pa. 1999) (recognizing that a federal court may have discretion in some circumstances to decline to resolve a state claim raised in a similar context).

10

496 (2d Cir. 1999) (same showing not sufficient in the denial of a special permit)); 53 P .S. S 10912.1 (governing special exceptions). As we have stressed, a r eviewing court in a case like this must first identify the issue framed by the state or local law. Here the issue, at least as perceived by the District Court, was whether the ordinance was constitutionally inferior because it did not serve the public health, safety, or welfare. Our decision in Pine Grove is simply not helpful in resolving that issue. 6

The judgment of the District Court thus rests solely on an error of law, and we must reverse.

III.

As we have explained, the District Court found it unnecessary to rule on Omnipoint's claim that the ordinance was impermissibly exclusionary under Pennsylvania law or its claim that the ordinance had the effect of prohibiting the provision of wireless services in violation of the TCA. Moreover, the r ecord in this case was developed without the benefit of our decision in Penn Township which addressed similar challenges under the Pennsylvania Constitution and the TCA and articulated the legal principles that must control here. Under these circumstances, we deem it prudent to remand this matter to the District Court to give the parties an opportunity to supplement the record and to secur e the informed judgment of the District Court.

In Penn Township, as here, a wir eless service provider claimed that the challenged ordinance was exclusionary

_____

6. The District Court also cited White Advertising Metro. Inc. v. Zoning Hearing Board of Susquehanna Township , 453 A.2d 29, 34-35 (Pa. Commw. Ct. 1982) for the proposition that aesthetic considerations are not enough to justify a zoning ordinance, but its reliance on that case is misplaced as well. At issue in White was whether a local zoning authority could deny a conditional use permit, on the basis of aesthetics alone, to an applicant who otherwise had met the requir ed "standards and criteria" for obtaining such a permit. In that situation, the court held that it is not appropriate for a zoning authority to "grant or deny permits
. . . solely by the discretionary exercise of its subjective aesthetic judgment." Id. at 35.

11

because a tower in the area of the township in which towers were permitted would not allow it adequately to fill an alleged gap in its service in another portion of the township. We there held:

> Pennsylvania's rule against exclusionary zoning does not impose upon a township the duty to assur e that all providers, regardless of the systems they have chosen to construct, will have a suitable site for a functioning tower within the township. To be exclusionary, the ordinance must effectively foreclose not only APT's use, but all use. Yet, APT provided no evidence to the ZHB that other providers could not use any of the 600 acres of M District land to build a tower that would functionally meet their systems' needs.

Penn Township, 196 F.3d at 477.

In this case, Omnipoint does not contest the ZHB's finding that other service providers have existing towers within the Township and in contiguous ar eas that provide service within its borders. While there is some evidence concerning the service of those providers, it is safe to say that the record would be more fully developed had the parties had the benefit of the teachings of Penn Township.

The same is true with respect to the TCA issue. In Penn Township we established a two-prong test to determine if the decision of a local zoning authority has "the effect of prohibiting the provision of personal wir eless services." 47 U.S.C. S 332(c)(7)(B)(i)(II). It requir es that the service provider first "show that its facility will fill an existing significant gap in the ability of remote users to access the national telephone network." Penn Township, 196 F.3d at 480. If this burden is met, the provider must still prove "that the manner in which it proposes tofill the significant gap in service is the least intrusive on the values that the denial sought to serve." Id. A recor d developed with this test in mind might well differ materially fr om the record currently before us, particularly as it r elates to the second prong of the test.

IV.

Omnipoint's remaining claims are based on the Civil Rights Act. To the extent Omnipoint claims that the ZHB,

12

acting under color of state law, violated its rights under the TCA, the issues raised need not be addressed until such a violation has been established. However, to the extent Omnipoint claims that the ZHB, acting under color of state law, violated its right to substantive due pr ocess, summary judgment was properly entered against Omnipoint. The summary judgment record reflects only a bona fide disagreement concerning land use planning issues. It will not support a conclusion that the ZHB has acted arbitrarily or capriciously. See e.g. Pace Resources, Inc. v. Shewsbury T.P., 808 F.2d 1023 (3d Cir. 1987).

V.

The judgment of the District Court will be r eversed and this matter will be remanded to the District Court for further proceedings consistent with this opinion.

A True Copy:
Teste:

        Clerk of the United States Court of Appeals
        for the Third Circuit

13